# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HYLTON,<br><br>        Plaintiff,<br><br>vs.<br><br>ANYTIME TOWING, RICKENBACKER COLLECTION SERVICES, RICKENBACKER GROUP, RICKENBACKER COLLECTION SYSTEM, CARLOS CASAS, ENRIQUEZ, CITY OF SAN DIEGO, DOES 1–10,<br><br>        Defendants. | CASE NO. 11CV1039 JLS (WMc)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT; (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW; (3) DENYING AS MOOT DEFENDANT ANYTIME TOWING'S MOTION FOR JUDGMENT ON THE PLEADINGS; (4) DENYING AS MOOT CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 21, 26) |

Presently before the Court is Plaintiff Richard Hylton's ("Plaintiff") motion to amend complaint and for partial judgment as a matter of law, (Mot. to Am. & Mot. Partial J., ECF No. 21), Defendant Anytime Towing's motion for judgment on the pleadings, (Mot. J. on the Pleadings, ECF No. 26). Also before the Court are the associated oppositions and replies. The motion hearings set for January 5, 2012, and February 2, 2012, respectively, were vacated, and the matters taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiff's motion to amend complaint. Accordingly, Plaintiff's motion for partial judgment as a matter of law and Defendant Anytime Towing's motion for judgment on the pleadings are **DENIED AS MOOT**.[1]

---

[1] On February 24, 2012, City Defendants filed a motion for summary judgment. (Mot. Summ. J., ECF No. 43) Because the Court grants Plaintiff's request to amend the complaint, the later-filed motion for summary judgment is also **DENIED AS MOOT**, and the May 3, 2012, hearing on that motion is accordingly **VACATED**.

## BACKGROUND

Plaintiff, proceeding pro se, filed suit on May 12, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, among other claims. (Compl., ECF No. 1) In short, Plaintiff is challenging the impounding and later auctioning of his vehicle after he was cited for driving with an expired registration. (*Id.* ¶¶ 18–31)

Approximately four months after filing the original complaint—several months after Defendants Enriquez and Anytime Towing had filed answers, (Enriquez Answer, ECF No. 4; Anytime Towing Answer, ECF Nos. 8, 9), but just fourteen days after Defendant City of San Diego filed its answer, (City of San Diego Answer, ECF No. 19)—Plaintiff filed the instant motion seeking leave to file an amended complaint, (Mot. to Am. & Mot. Partial J., ECF No. 21).

The first amended complaint purports to (1) more fully identify Defendant Emery Enriquez, named in the original complaint as simply "Enriquez,"; (2) add Officer Billy Andal ("Andal"), referred to throughout the original complaint as simply "Enriquez's partner," as a defendant; (3) remove Defendant Rickenbacker and its principal Carlos Casas (collectively, "Rickenbacker Defendants") as defendants; (4) add Lienenforcement, Inc. as a defendant, for violations of the FDCPA since the filing of the original complaint; and (5) add a 42 U.S.C. § 1983 claim against Defendants City of San Diego, Enriquez, and Andal, based on information developed since the filing of the original complaint.[2] (*Id.*); (Proposed First Am. Compl. ("FAC"), ECF No. 21-5)

## LEGAL STANDARD

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But while the rule should be interpreted extremely liberally, leave should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A trial court may deny a motion for leave to amend based on

---

[2] Plaintiff states in his motion to amend that he is also seeking to add a claim for violations of the California Unfair Business Practice Statutes, (Mot. to Am. & Mot. Partial J. 2, ECF No. 21), but the proposed amended complaint contains no such claim, (Proposed FAC, ECF No. 21-5).

various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Relevant here, "[t]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

A motion to amend a complaint to add or drop a party may also implicate Federal Rule of Civil Procedure 21, which grants the district court discretion to add or drop a party. Rules 19 and 20 govern who may be joined as a party. Rule 20(a)(2) allows for the permissive joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."

**ANALYSIS**

**1. Rule 15(a)(1) Amendment as a Matter of Course**

As an initial matter, the Court notes that pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff may amend his complaint "once as a matter of course within . . . 21 days after service of a responsive pleading." Although more than twenty-one days had elapsed since Defendants Enriquez and Anytime Towing had filed their answers before Plaintiff filed the instant motion, only fourteen days had elapsed since Defendant City of San Diego had filed its answer. (City of San Diego Answer, ECF No. 19 (filed Sept. 12, 2011))  Plaintiff has not yet exhausted his right to amend once as a matter of course without seeking leave of court. Thus, the Court finds that, pursuant to Rule 15(a)(1)(B), an amended complaint may be served against Defendant City of San Diego without the Court's leave. *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1481 at 661–62 (3d ed. 2010).

This conclusion is compelled by case law interpreting Rule 15 prior to its 2009 amendment. Prior to 2009, Rule 15(a)(1) permitted a party to amend its pleading once as a matter of course "before being served with a responsive pleading." Most Courts reasoned that "where there are multiple defendants, and some defendants have filed an answer and some defendants have not, the plaintiff may amend the complaint as a matter of course as to the non-answering defendants." *Ramirez v. Silgan Containers*, No. 07-0091, 2007 U.S. Dist. LEXIS 34825, at *10

(E.D. Cal. Apr. 26, 2007); *see also Blanco v. Am. Home Mortg. Serv. Incorporation*, No. 09-578, 2009 U.S. Dist. LEXIS 61859, at *3–4 (E.D. Cal. July 20, 2009) ("Although the Ninth Circuit has not yet addressed the issue, other courts of appeals as well as district courts within the Ninth Circuit have [adopted the reasoning of *Ramirez*].").

Relevant here, the 2009 amendments extended the period for amendments as of right to twenty-one days after a responsive pleading is filed. Thus, by extension of the above reasoning, where there are multiple defendants, and this twenty-one day period has expired as to some defendants but not others, the plaintiff may amend the complaint as a matter of course as to those defendants for whom the twenty-one day period has not yet expired. Accordingly, insofar as Plaintiff seeks to amend his complaint as to Defendant City of San Diego, he may do so as a matter of course. The Court therefore **GRANTS** Plaintiff's "unnecessary request" to amend the complaint as to Defendant City of San Diego. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

As to how this impacts the Court's analysis of Plaintiff's request to add additional defendants, the Court notes that federal courts are divided as to whether a plaintiff must seek leave of court under Rule 21 to add a party where the plaintiff would otherwise be permitted under Rule 15 to amend the complaint as a matter of course. *See Maynard v. Bonta*, No. 02-06539, 2003 U.S. Dist. LEXIS 16201, at *18–23 (C.D. Cal. Aug. 29, 2003) (summarizing the circuit split and noting that "[t]he Ninth Circuit has not addressed the issue"). The Court need not decide this issue now because, whether he was required to do so or not, Plaintiff has sought leave of Court, and, for the reasons stated below, the Court finds joinder of the additional defendants appropriate.

**2. Defendant Emery Enriquez**

None of the defendants dispute Plaintiff's request for leave to amend in order to more fully identify Defendant Enriquez. Since filing the original complaint, Plaintiff has discovered Defendant Enriquez's identity, and seeks only to amend the complaint to add Enriquez's first name. (Mot. to Am. & Mot. Partial J. 1, ECF No. 21) There does not appear to be any bad faith or undue delay in requesting such an amendment, and it plainly will not prejudice any of the parties. Thus, the Court **GRANTS** Plaintiff's motion to amend the complaint to more fully identify

Defendant Enriquez.

### 3. Defendant Billy Andal

City Defendants oppose Plaintiff's motion to amend on the basis that adding Andal as a defendant "is a futile exercise" because both Andal and Enriquez were present when Plaintiff received the citation for driving a vehicle with expired registration tags, and both were present for the inventory of Plaintiff's vehicle. (City Defendants' Resp. in Opp'n 4, ECF No. 24)  Thus, argue City Defendants, Plaintiff will "gain nothing" in adding Andal as a defendant "except that it will necessitate an additional answer and administrative burden on all parties." (*Id.*)

The Court disagrees.  The original complaint named Enriquez as well as several "Doe" defendants. (Compl., ECF No. 1)  Throughout Plaintiff's original complaint, he refers to "Enriquez and his partner." (*Id.* ¶¶ 18, 31, 34–35, 70); (*see also id.* ¶¶ 20, 24)  Since filing the original complaint, Plaintiff has discovered the identity of Enriquez's partner, and seeks to amend the complaint to add him now. (Mot. to Am. & Mot. Partial J. 1, ECF No. 21)  City Defendants have not suggested that Plaintiff is acting in bad faith or has engaged in any undue delay, and given the nature of the original pleadings, the Court finds that City Defendants were on notice that Andal was an intended party and therefore there will be no prejudice by his addition.

City Defendants' arguments of futility are unavailing; Plaintiff is asserting claims against both defendants, and therefore both defendants must be named in the action.  The claims against Andal arise out of the same set of facts as are asserted against City Defendants.  That Enriquez and Andal may provide redundant testimony or that Plaintiff may take Andal's deposition without naming him as a defendant do not alter this Court's conclusion.  Thus, the Court **GRANTS** Plaintiff's motion to amend the complaint to add Andal as a defendant.

### 4. Rickenbacker Defendants

None of the defendants dispute Plaintiff's request for leave to amend in order to remove the Rickenbacker Defendants as defendants.  Since filing the original complaint, Plaintiff has discovered that "Rickenbacker is defunct," and, moreover, Plaintiff has been unable to locate Carlos Casas. (Mot. to Am. & Mot. Partial J. 1, ECF No. 21)  There does not appear to be any bad faith or undue delay in requesting such an amendment, and the Court has no reason to believe that

it will prejudice any of the remaining parties. Thus, the Court **GRANTS** Plaintiff's motion to amend the complaint to remove the Rickenbacker Defendants.

**5. Defendant Lienenforcement Inc.**

None of the defendants dispute Plaintiff's request for leave to amend in order to add Lienenforcement, Inc. as a defendant. Since filing the original complaint, Lienenforcement, Inc. allegedly made contact with Plaintiff concerning the same transaction and occurrence that form the basis of the underlying action. (Mot. to Am. & Mot. Partial J. 2, ECF No. 21) There does not appear to be any bad faith or undue delay in requesting such an amendment, and the Court has no reason to believe that it will prejudice any of the remaining parties. Thus, the Court **GRANTS** Plaintiff's motion to amend the complaint to add Lienenforcement, Inc. as a defendant.

**6. 42 U.S.C. § 1983 Claims**

Plaintiff's proposed amended complaint seeks to add a 42 U.S.C. § 1983 claim against "the City of San Diego, and the Police department employees." (Proposed FAC ¶ 80, ECF No. 21-5) Interpreting the pro se complaint liberally as the Court must, the Court interprets Plaintiff's § 1983 claim to be asserted against the City of San Diego as well as Defendants Enriquez and Andal.

City Defendants oppose Plaintiff's motion to amend to add a § 1983 claim against the City of San Diego, but do not address whether adding a § 1983 claim against Defendants Enriquez or Andal is appropriate. (*See* City Defendants' Resp. in Opp'n 4–5, ECF No. 24) City Defendants argue that the Court should deny Plaintiff's motion to amend to add a § 1983 claim against the City of San Diego because such an amendment "will not be able to withstand a motion to dismiss under Rule 12(b)(6)," and therefore amendment is futile. (*Id.* at 4) But as the Court has already explained, Plaintiff need not seek leave to amend his complaint as against Defendant City of San Diego; he may do so as a matter of course.

As to Defendant Enriquez, none of the defendants dispute Plaintiff's request for leave to amend in order to add a § 1983 claim against Enriquez. Since filing the original complaint, Plaintiff developed or learned information pertaining to the alleged civil rights violation. (Mot. to Am. & Mot. Partial J. 2, ECF No. 21) There does not appear to be any bad faith or undue delay in requesting such an amendment, and because the City of San Diego will already be defending the

1  § 1983 claim, the Court has no reason to believe that any prejudice to Enriquez will outweigh the
2  liberal amendment policy of the federal courts.[3]

3  Thus, the Court **GRANTS** Plaintiff's motion to amend the complaint to add § 1983 claims
4  against the City of San Diego and Defendants Enriquez and Andal.

**7. Defendant Anytime Towing's Opposition to Motion to Amend Complaint**

Defendant Anytime Towing does not specifically dispute any of Plaintiff's proposed amendments, and does not address many of the relevant factors the Court looks to in determining whether leave to amend is appropriate. Instead, the entire opposition to Plaintiff's motion is based on Anytime Towing's argument that amendment would be "futile because [the proposed amended complaint] cannot withstand a motion to dismiss." (Anytime Towing Response in Opp'n 3, ECF No. 25) Indeed, Anytime Towing's opposition brief mirrors the arguments made in its motion for judgment on the pleadings, filed the same day. (Mot. J. on the Pleadings, ECF No. 26)

The Court will not refuse Plaintiff an opportunity to amend his complaint, and declines to opine on the merits of his claims at this early stage. Anytime Towing carries the burden to establish that it will be prejudiced by any amendment, and it has failed to do so here. The proposed amendments do not alter the claims or allegations asserted against Anytime Towing. And although Anytime Towing has filed a motion for judgment on the pleadings, that motion was not filed until after the instant motion, alleviating any concerns of gamesmanship. *See Lockheed Martin Corp. v. Network Solutions*, 175 F.R.D. 640, 645 (C.D. Cal. 1997) ("Where . . . a party proposes amendments while a summary judgment motion is pending, the court must look closely to determine whether the proposed amendment is a tactic to prevent termination of the case on summary judgment.") (citing *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir.

---

[3] Moreover, to the extent that the City of San Diego and Defendant Enriquez are jointly liable for any § 1983 violation, the Court notes that Plaintiff's right to amend as a matter of course may extend to Enriquez as well. *See Pallant v. Sinatra*, 7 F.R.D. 293, 300 (S.D.N.Y. 1945) (interpreting Rule 15 prior to the 2009 amendments and stating that "where a claim asserted by a plaintiff is against a number of defendants jointly liable for their combined conduct or acts, that to such a claim, 'a responsive pleading' is not served until all of the defendants have answered the claim, not just some of them. In respect of such claims of joint liability, . . . the plaintiff . . . could serve an amended complaint as of right."); 6 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE, § 1481 at 661–62. Because the Court finds amendment proper, it need not decide now whether this reasoning applies in the instant case to grant Plaintiff the right to amend without leave.

1990)). Thus, Anytime Towing's arguments in no way alter the Court's conclusion that Plaintiff's motion to amend should be granted.

**8. Other Pending Motions**

"[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). As such, pending motions concerning the original complaint must be denied as moot. Here, Plaintiff's motion for partial judgment as a matter of law, Defendant Anytime Towing's motion for judgment on the pleadings, and City Defendants' motion for summary judgment all pertain to the original—now "non-existent"—complaint. Accordingly, the Court **DENIES AS MOOT** these three motions.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend complaint is **GRANTED**. Plaintiff's motion for partial judgment as a matter of law, Defendant Anytime Towing's motion for judgment on the pleadings, and City Defendants' motion for summary judgment are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: March 26, 2012

Honorable Janis L. Sammartino
United States District Judge