1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICHARD HYLTON,

              Plaintiff,

v.

ANYTIME TOWING, RICKENBACKER
COLLECTION SERVICES,
RICKENBACKER GROUP,
RICKENBACKER COLLECTION
SYSTEM, CARLOS CASAS, ENRIQUEZ,
CITY OF SAN DIEGO, DOES 1-10,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 11-cv-1039 JLS (WMc)

**ORDER GRANTING MOTION: (1) TO
COMPEL; (2) FOR A PROTECTIVE
ORDER; AND (3) FOR SANCTIONS**

[ECF No. 50.]

I.     **INTRODUCTION**

       On April 4, 2012, Defendant Anytime Towing filed a motion to compel the further

deposition of Plaintiff Richard Hylton in the above entitled case. [ECF No. 50.]  In addition to its

request to conduct a second deposition of Plaintiff in light of Plaintiff's various refusals to

answer deposition questions, Defendant seeks: (1) a protective order requiring Plaintiff to

destroy the unauthorized computer recording he made of his first deposition; and (2) sanctions of

$2,400 in attorney's fees and costs in accordance with Rule 37 and Rule 30 of the Federal Rules

of Civil Procedure for bringing the instant motion.

///

///

1    On April 20, 2012, Plaintiff filed an opposition brief. [ECF No. 58.]  On May 1, 2012,

2  Anytime Towing filed a reply brief in support of its motion to compel.  [ECF No. 61.]  After

3  careful consideration of the parties' briefing and exhibits, the Court **GRANTS** Defendant's

4  motion to compel, motion for protective order and motion for sanctions.

5  **II.    STANDARD OF REVIEW**

6    Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part:

7    "Parties may obtain discovery regarding **any nonprivileged matter that is relevant to any party's claim or defense** --including the existence, description, nature, custody,

8    condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

9
10  Fed. R. Civ. P. 26(b)(1).

11    Where a party fails to cooperate with discovery proceedings, the party propounding

12  discovery may move to compel disclosure.  Fed.R. Civ. P. 37(a)(1).  An incomplete answer in

13  deposition is construed as a failure to disclose.  Fed.R. Civ. P. 37(a)(4).  A party seeking

14  discovery may move to compel a deponent to answer a question in oral deposition.  Fed.R. Civ.

15  P. 37 (a)(3)(B).  The moving party may also seek  sanctions for the failure to cooperate.  Fed. R.

16  Civ. P. 37(a)(3)(A).

17  **III.   DISCUSSION**

18    A.    <u>Further Deposition With Leave Of Court</u>

19    Defendant Anytime Towing deposed Plaintiff on March 9, 2012.  At the deposition,

20  Plaintiff refused to answer certain background questions on the basis of relevance and refused to

21  answer questions regarding his efforts to retrieve his vehicle after it was impounded based upon

22  the fact that the subject was addressed at the Early Neutral Evaluation Conference with the Court

23  on July 11, 2011.  Specifically, Plaintiff refuses to answer deposition questions which address

24  topics discussed at the Early Neutral Evaluation Conference.  *See* Plaintiff's Deposition

25  Transcript at ECF No. 50-2 at p. 27 ("It's privileged because it became a part of the ENE

26  settlement conference, and the answers that were given in the ENE are, per the decision or the

27  direction of the magistrate, all matters discussed are privileged and confidential.")

28

1    Plaintiff misconstrues the advisements in the Court's Early Neutral Evaluation Order.[1]

2    Simple discussion of the plain facts underlying a complaint with the Court during the Early

3    Neutral Evaluation Conference does not convert non-privileged facts that are otherwise

4    discoverable into privileged ones.  *See e.g. In re RDM Sports Group, Inc.*, 277 B.R. 415, 43-31

5    (Bankr.N.D.Ga.2002) (explaining a federal "mediation privilege does not apply to shelter from

6    disclosure documents prepared prior to the mediation, *merely because those documents were*

7    *presented to the mediator during the course of the mediation*.")(emphasis added); *see also* Rule

8    408 of the Federal Rules of Evidence (evidence of settlement *offers* and compromise

9    *negotiations* is not admissible to prove the or disprove the validity or amount of disputed

10   claim.")(emphasis added.)

11   The deposition transcript indicates that the question which Plaintiff refused to answer on

12   privilege grounds was: "Did you make any efforts to contact the impound yard to retrieve your

13   car after it was impounded." [ECF No. 50-2 at p.27.]  This question in no way sought to elicit

14   testimony regarding offers made in settlement or settlement communications made at the Early

15   Neutral Evaluation Conference.  It is a fact-based question likely to lead to the discovery of

16   admissible evidence regarding Plaintiff's claims and should have been answered.  Fed. R. Civ. P.

17   26(b)(1).

18   Plaintiff also refused to answer fact-based background questions such as the date of his

19   birth and the extent of his education on relevance grounds.  Rule 30 of the Federal Rules of Civil

20   Procedure makes clear that "[a]n objection at the time of the examination whether to evidence, to

21   a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any

22   other aspect of the deposition-must be noted on the record, **but the examination still proceeds;**

23   **the testimony is taken** subject to any objection."  Fed. R. Civ. P. 30(c)(2) (emphasis added).  As

24   required by Rule 30, Defendant's background questions should have been answered subject to

25

26        [1] *See* ENE Order at ECF No. 5 at 2:16-24.  "Requests to be excused from attendance for **extraordinary**
27   **circumstances** must be in writing and received by the Court at least **fourteen (14) days** prior to the conference.
     **Failure of required counsel and parties to appear in person** will be cause for the imposition of sanctions.
28   Sanctions will include, but are not limited to, the attorney's fees and travel costs of the other parties in the case.  In
     addition, the conference will not proceed and will be reset to another date.  **All conference discussions will be**
     **informal, off the record, privileged, and confidential.**"

1    objection.  Moreover, the preliminary questions asked of Plaintiff regarding his birth, education,

2    and employment are relevant and necessary to lay foundation for the deposition testimony.

3    Questions regarding the filing of any prior lawsuits with the same causes of action and Plaintiff's

4    previous experience with the registration of other vehicles are relevant to the basis for Plaintiff's

5    claims in this action and likely to lead to the discovery of admissible evidence.  Similarly,

6    questions concerning members of his household who have registered and/or driven the vehicle in

7    question are also likely to lead to the discovery of admissible evidence.

8    Federal Rule of Civil Procedure 30(a)(2) entitles a party to take a second deposition,

9    upon leave of the court, if the request is consistent with Rule 26(b)(2).[2]  Rule 26(b)(2)(C), in

10   turn, by implication allows a second deposition if (a) it is not "unreasonably cumulative or

11   duplicative", (b) if the requesting party has not had ample opportunity to obtain information by

12   discovery or (c) the benefits of the discovery outweighs any potential burden or expense

13   involved.  **Accordingly, Defendant has shown to the satisfaction of the Court that a second**

14   **deposition of Plaintiff to address relevant background facts as well as the subjects of**

15   **impound and retrieval is not unreasonably cumulative or duplicative.**  Defendant deserves

16   the right to fairly prepare for trial and such preparation, in turn, requires a second opportunity to

17   depose Plaintiff on the underlying facts of the case that Plaintiff himself has brought.  In

18   addition, the benefits of the second deposition outweigh any cost or burden on Plaintiff,

19   especially in light of the fact that Plaintiff's refusal to answer basic factual questions, as opposed

20   to making an objection on the record, necessitates a second deposition.

21       **B.    Protective Order**

22   During Plaintiff's March 9, 2012, deposition, the attorneys for Defendant Anytime

23   Towing and Defendant City of San Diego discovered Plaintiff was surreptitiously using his

24

25       [2]Federal Rule of Civil Procedure 26(b)(2) states:  "On motion or on its own, the court must limit the frequency or extent of the discovery otherwise allowed by these rules or by local rule if it determines

26   that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery

27   has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the

28   amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."   Fed. R. Civ. P.  26(b)(2).

personal computer to make a recording of the deposition proceeding, including testimony,

colloquies and off-the-record sidebars between defense counsel.  Plaintiff did not inform either

attorney of his intention to record the deposition in violation of Rule 30(b)(3)(B) of the Federal

Rules of Civil Procedure.[3]  In addition, Plaintiff did not have opposing counsels' consent to

create an alternate recording on his computer.  Defendants informed Plaintiff at the deposition

that the unauthorized recording was, in their opinion, illegal.  *See* e.g. 18 U.S.C. § 2511, "any

person who (a) intentionally intercepts, endeavors to intercept, or procures any other person to

intercept or endeavor to intercept, any wire, oral or electronic communication .... shall be

punished as provided in subsection (4)[4] or shall be subject to suit as provided in subsection (5);

*but see* 18 U.S.C. § 2511(2)(d), "it shall *not* be unlawful under this chapter for a person not

acting under color of law to intercept ... oral... communication where such person is a party to

the communication....")(emphasis added).

Defendants move the Court for a protective order: (1) directing Plaintiff to destroy the

unauthorized recording of the deposition; and (2) prohibiting Plaintiff from disclosing the

contents of the unauthorized recording.  Under Federal Rule of Civil Procedure 26(c)(1), "The

court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense, including .... forbidding the disclosure

or discovery ... specifying terms, including time and place for the disclosure of discovery."  In

this civil action, the Court need not decide the criminality of Plaintiff's actions in making the

unauthorized recording in order to issue a Protective Order.  The Court finds the recording is a

clear violation of Rule 30, which required Plaintiff to give prior notice to the other parties to the

deposition before utilizing alternate methods for recording testimony.  Plaintiff's improper and

secret recording not only captured testimony, but also captured off-the-record communications

between counsel, which were not intended to be made a part of the record or deposition

---

[3]"With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice.  That party bears the expense of the additional record or transcript unless the court orders otherwise."  Fed. R. Civ. P. 30(b)(3)(B).

[4]Subsection 4 of 18 U.S.C. § 2511 provides: "...whoever violates subsection (1) of this section shall be fined under this title or imprisoned not more than five years, or both."  18 U.S.C. § 2511(4)(a).

1 transcript. **The Court finds good cause exists to issue a Protective Order** in order to protect

2 counsel from annoyance, oppression and embarrassment. *See* Fed. R. Civ. P. 26(c)(1)(a)

3 (forbidding the disclosure or discovery).

4       **C.**      <u>**Imposition of Sanctions**</u>

5       Federal Rule of Civil Procedure 30(d)(2) states: "The court may impose an appropriate

6 sanction-including the reasonable expenses and attorneys fees incurred by any party who

7 impedes, delays, or frustrated, the fair examination of the deponent." Fed.R.Civ. P. 30(d)(2).  In

8 addition, Rule 37(a)(5) *requires* the court to order the "deponent whose conduct necessitated the

9 motion ... to pay the movant's reasonable expenses incurred in making the motion, including

10 attorney's fees" unless the movant failed to meet and confer, the nondisclosure was substantially

11 justified or "other circumstances make an award of expenses unjust."  Fed.R.Civ.

12 27(a)(5)(A).

13       Here, Rule 30(d)(2) was implicated when Plaintiff refused to answer deposition questions

14 designed simply to elicit the underlying facts of this case and used his personal computer to

15 improperly record off-the-record conversations between counsel, which were held outside of

16 Plaintiff's presence.  Plaintiff's antics undoubtedly frustrated and impeded a fair examination of

17 his claims in this suit.  In addition, Rule 37(a)(5) mandates the reimbursement of expenses,

18 including attorney's fees, where as here, Plaintiff's conduct at the deposition was unjustified.

19 **Plaintiff is HEREBY ORDERED to pay counsel for Defendant Anytime Towing $2,400.00**

20 in attorney's fees and costs, which were incurred in bringing the instant motion to compel.

21 **IV.  CONCLUSION AND ORDER THEREON**

22       For the reasons articulated above, the Court hereby issues the following **ORDERS:**

23 1.  Plaintiff shall sit for a second deposition to take place **no later than June 4, 2012 and to last**

24 **no longer than four (4) hours of actual deposition running time** in order to answer relevant

25 questions on his background, including but not limited to date of birth, education, and

26 employment.  Plaintiff shall also respond to questions regarding filing of prior lawsuits,

27 registration of other vehicles, and the impound and retrieval of the vehicle at issue in this action;

28 ///

2.  Plaintiff shall immediately destroy the original unauthorized recording of the deposition and any copies.  Plaintiff shall file a declaration under penalty of perjury with the Court **no later than May 16, 2012,** which indicates the time, place and manner in which the recording was destroyed.

3.  Plaintiff is barred from disclosing or otherwise using the contents of the unauthorized deposition recording in this action;

4.  Plaintiff shall pay Ford, Walker, Haggerty & Behar, the firm representing Defendant Anytime Towing, **$2,400.00 no later than June 15, 2012**; and

5.  The May 8, 2012 hearing on Defendant's motion to compel is **HEREBY taken OFF-CALENDAR.**

       **IT IS SO ORDERED.**

DATED:   May 2, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court