# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HYLTON,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>ANYTIME TOWING, RICKENBACKER COLLECTION SERVICES, RICKENBACKER GROUP, RICKENBACKER COLLECTION SYSTEM, CARLOS CASAS, ENRIQUEZ, CITY OF SAN DIEGO, DOES 1–10,<br><br>　　　　　　　　Defendant. | CASE NO. 11CV1039 JLS (WMc)<br><br>**ORDER DENYING MOTIONS FOR SANCTIONS**<br><br>(ECF Nos. 78, 79) |

Presently before the Court are pro se Plaintiff Richard Hylton's ("Hylton") (1) Motion for Sanctions against City Defendants, (Mot. Sanctions City Defs., ECF No. 78), and (2) Motion for Sanctions against Nancar, Inc. d/b/a/ Anytime Towing ("Anytime Towing"), (Mot. Sanctions Anytime Towing, ECF No. 79). Also before the Court are Anytime Towing's response in opposition, (Anytime Towing Opp'n, ECF No. 90), City Defendants' late-filed[1] response in opposition, (City Defs. Opp'n, ECF No. 93), and Hylton's reply in support, (Reply in Supp., ECF No. 98). The hearing set on July 19, 2012, was vacated, and the matters taken under submission on the papers. Having considered the parties' arguments and the law, the Court **DENIES** both motions.

---

[1] In the Court's June 4, 2012, Order Setting Briefing Schedule, the Court directed City Defendants to file their opposition to Hylton's motion on or before June 28, 2012. (Order, June 4, 2012, ECF No. 81) But, City Defendants did not file their opposition until July 3, 2012. (City Defs. Opp'n, ECF No. 93) The Court will nevertheless consider City Defendants' opposition in ruling on the instant motion, but admonishes City Defendants that any further failures to comply with this Court's Orders and deadlines may result in sanctions.

**MOTION FOR SANCTIONS AGAINST CITY DEFENDANTS**

The Court considers first Hylton's motion for sanctions against City Defendants "due to defendant's [sic] continuous attempts to mislead the court and continuous filing of false, incomplete, deceptive, misleading and frivolous claims and papers." (Mot. Sanctions City Defs. 1, ECF No. 78)  In his motion, Hylton claims City Defendants' counsel, Deputy City Attorney Joseph Allen ("Attorney Allen") should be removed from this case pursuant to Federal Rules of Civil Procedure 11 and 26 and the Court's "inherent power to enter an order imposing sanctions." (*Id.*)  Hylton also seeks the following in sanctions: (1) that judgment be entered in favor of him; (2) that adverse jury instructions should be given that stipulate to certain facts and that preclude City Defendants from asserting certain defenses; and (3) that City Defendants be "barred from using the terms 'Proper', 'Valid' or 'Current' or derivatives of these words." (*Id.* at 18)

Hylton's motion is premised on several alleged misdeeds by Attorney Allen, including his alleged withholding of material discovery for dilatory purposes, making knowingly false material statements in court filings, and attempting to discover privileged or confidential information.  (*See generally id.*)  The Court does not find any of these asserted bases for sanctions valid.

First, as to Hylton's assertion that Attorney Allen's discovery responses were intended to delay the litigation, the Court does not find sanctions warranted because Hylton's sanction request is untimely and lacks merit.  Any Federal Rule of Civil Procedure 26 discovery disputes should have been brought before Magistrate Judge McCurine within thirty days after the parties met and conferred in good faith but reached an impasse.  (*See* Scheduling Order, ECF No. 18); Civil Local Rule 26.1.a, 26.1.e.  But a review of Hylton's motion indicates that he is moving for sanctions on the basis of Attorney Allen's responses to discovery requests from as far back as October and December of 2011.  In addition, the Court disagrees that Attorney Allen's responses amount to an unwillingness to disclose material discovery in bad faith and for a dilatory purpose, rather than a reasonable request for more specific information in order to streamline the discovery process.

Second, the Court disagrees that City Defendants' use of the terms "valid" or "proper" in their filings with the Court constitute "material statements that were false and known to be false." (Mot. Sanctions City Defs. 7, ECF No. 78)  Through several copied and pasted passages from his

complaint and from City Defendants' various filings with this Court, Hylton asserts that the complaint mentions only that his vehicle registration was "expired" and nowhere "cite[s], invoke[s], contend[s] or relate[s] to **validity** or **propriety**." (*Id.*) Apparently, Hylton believes that City Defendants should be restricted to using the precise language he uses in his complaint. To do otherwise, asserts Hylton, is sanctionable: by "repeatedly us[ing] terms that are un-related to the specific allegations and contentions contained in the Complaint," City Defendants "expressly represent to the court that these terms must exist, therein." (*Id.* at 8)

Parties are not limited in their filings to using only the terms used within the four corners of the operative complaint. Indeed, City Defendants are entitled to present a defense in this matter, and the parties' versions of the facts and interpretation of the law will undoubtedly differ. This case would not have gone on for as long as it has otherwise. Thus, the Court concludes that Attorney Allen has not made material false statements and declines to issue sanctions on this basis.

Third and finally, the Court will not issue sanctions on the basis of Attorney Allen's alleged attempts to discover confidential or privileged information. Hylton's assertion is premised on his mistaken assumption that he was not required to answer any questions or provide any information about topics that were discussed in the context of the Early Neutral Evaluation ("ENE") with Magistrate Judge McCurine. (*See id.* at 12–15) But Magistrate Judge McCurine already advised Hylton that he "misconstrue[d] the advisements in the Court's [ENE] Order," (Mag. Order 3, ECF No. 62), and that he is required to "respond to questions regarding filing of prior lawsuits, registration of other vehicles, and the impound and retrieval of the vehicle at issue in this action," (*id.* at 6). Indeed, in Hylton's Objections to the magistrate judge's Order—filed on the same day as the instant motions for sanctions—he admits that he misunderstood the privilege/confidentiality rules pertaining to the ENE, beseeching the Court to vacate the magistrate judge's imposition of sanctions because "[e]ducation may be costly but need not be so with these facts." (Obj. 5, ECF No. 80) Thus, it appears that Hylton recognizes that sanctions are not warranted on this basis.

Having determined that sanctions are not warranted on any of the asserted bases, the Court also notes that the types of sanctions Hylton requests are inappropriate. As Attorney Allen points

1  out, "motions to disqualify 'should be subjected to particular judicial scrutiny.'" *Crenshaw v.*
2  *MONY*, 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004) (quoting *Optyl Eyeware Fashion Int'l Corp.*
3  *v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985)).  "Even a violation of the California Rules of
4  Professional Conduct does not automatically compel disqualification." *Id.* (citing *Gregori v. Bank*
5  *of Am.*, 207 Cal. App. 3d 291, 303 (1989)).  Moreover, even if sanctions were warranted, the Court
6  would not upset the fundamental fairness of any future trial in this matter by giving Hylton a
7  substantive advantage in the jury instructions.  Hylton will have his opportunity to propose jury
8  instructions to the Court if and when this case proceeds to trial.  Finally, although the Court
9  recognizes that entry of judgment may be an appropriate sanction in certain circumstances, *see*
10 Fed. R. Civ. P. 37(b)(2), those circumstances are not present here.
11       For all these reasons, Hylton's motion for sanctions against City Defendants (and,
12 specifically, Attorney Allen) is **DENIED**.

### MOTION FOR SANCTIONS AGAINST ANYTIME TOWING

14       Turning next to Hylton's motion for sanctions against Anytime Towing, the Court notes
15 that the motion is substantially similar to the motion against City Defendants, seeking identical
16 types of sanctions—including removal of Anytime Towing's counsel, Charles Schmitt ("Attorney
17 Schmitt")—and asserting nearly identical grounds for sanctions.  (*See generally* Mot. Sanctions
18 Anytime Towing, ECF No. 79)  Accordingly, the Court incorporates by reference the analysis
19 from above here, and discusses only those portions of Hylton's motion that are unique to Anytime
20 Towing.
21       In addition to arguing, as above, that Attorney Schmitt made knowingly false statements in
22 Court filings by using terms that Hylton did not use in his complaint, (*see id.* at 8–11, 13), Hylton
23 asserts that Attorney Schmitt made the following additional knowingly false statements:
24 (1) misstatements as to the number of defendants who had appeared in this action, and
25 (2) contradictory statements as to Anytime Towing's status as a "creditor."  (*Id.* at 3–4)  As to the
26 first allegedly false statement, the Court's reading of the cited statement comports more with
27 Anytime Towing's interpretation than with Hylton's: "[Anytime Towing] was not referring to
28 itself but rather the other co-defendants" when listing which parties had entered appearances in the

case by that time. (Anytime Towing Opp'n 7, ECF No. 90) In any event, the statement is hardly material. As to the second allegedly false statement, the Court again notes that all defendants are entitled to present a defense in this matter. As Anytime Towing correctly states, "[h]ow the term 'creditor' is defined under the various statutes and the parties' interpretation of them is certainly subject to some argument that can be developed in the pleadings." (*Id.*) Thus, sanctions are not warranted on this basis and Hylton's motion for sanctions against Anytime Towing is accordingly **DENIED**.

Anytime Towing additionally points out that "Plaintiff has not shown . . . that he served [the motion for sanctions] twenty-one (21) days prior to filing," as Federal Rule of Civil Procedure 11 requires." (*Id.* at 9) Because the Court has already concluded that sanctions are not warranted, however, and because Hylton brought his motion pursuant to several different authorities for issuing sanctions—not all of which contain Rule 11's safe harbor period—the Court declines to deny the motion on this basis alone.

## CONCLUSION

For the reasons stated above, the Court **DENIES** both of Hylton's motions for sanctions. To the extent City Defendants have requested that the Court issue sanctions against Hylton for bringing the instant motions, (*see* City Defs. Opp'n 2, 4, 5–6, ECF No. 93), the Court declines to do so at this time. However, Hylton is advised that any future frivolous motions for sanctions may result in sanctions.[2] *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

**IT IS SO ORDERED**.

DATED: August 17, 2012

Honorable Janis L. Sammartino
United States District Judge

---

[2] This includes Hylton's currently pending Motion for Rule 11 Sanctions. (ECF No. 87) If Hylton wishes, he may **WITHDRAW** that motion within fourteen days of the date this Order is electronically docketed. If Hylton elects not to withdraw that motion, he is advised that sanctions may be issued against him if the Court deems the motion frivolous.