1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 RICHARD HYLTON,                                CASE NO. 11CV1039 JLS (WMc)

13                              Plaintiff,        **ORDER DENYING PLAINTIFF'S**
                                                  **MOTION FOR INJUNCTION**
14         vs.

15 ANYTIME TOWING, RICKENBACKER              (ECF No. 94)
   COLLECTION SERVICES,
16 RICKENBACKER GROUP,
   RICKENBACKER COLLECTION
17 SYSTEM, CARLOS CASAS, ENRIQUEZ,
   CITY OF SAN DIEGO, DOES 1–10,
18                              Defendants.

19

20         Presently before the Court is Plaintiff Richard Hylton's ("Hylton") Motion for Injunction.

21 (Mot. Inj., ECF No. 94)[1]  Also before the Court are City Defendants' response in opposition,

22 (Resp. in Opp'n, ECF No. 115), and Hylton's reply in support, (Reply in Supp., ECF No. 122),

23 and supplemental reply in support, (Supplemental Reply, ECF No. 126).  The hearing set on

24 August 16, 2012, was vacated, and the matter taken under submission on the papers.  Having

25 considered the parties' arguments and the law, the Court **DENIES** Hylton's motion.

26 //

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28         [1] Soon after Hylton filed the Motion for Injunction, City Defendants moved ex parte to strike
   the motion, for many of the same reasons now raised in their opposition brief.  The Court denied City
   Defendants' ex parte motion in a July 26, 2012, Order.  (Order, July 26, 2012, ECF No. 114)

1    City Defendants oppose Hylton's Motion for Injunction because the relief sought in that

2    motion is beyond the scope of the operative complaint in this matter.  (Resp. in Opp'n 2–4, ECF

3    No. 115)  Specifically, City Defendants assert that Hylton's motion for injunction and FAC are

4    based on entirely different facts and circumstances, the motion seeks an injunction against a party

5    (the San Diego City Treasurer ("City Treasurer")) not named in the FAC, and the FAC did not

6    seek injunctive relief.  (*Id.*)  Upon a close review of the First Amended Complaint ("FAC") and

7    Hylton's Motion for Injunction, the Court agrees that the relief sought in the motion is wholly

8    distinct from the relief sought in the FAC, and as such Hylton's Motion for Injunction is

9    **DENIED**.

10    In the FAC, Hylton seeks, among other forms of relief, a permanent injunction to prevent

11    future violations of the Fair Debt Collection Practices Act ("FDCPA") and other federal laws and

12    the U.S. Constitution.  (FAC 8, ECF No. 56)  In short, Hylton is challenging the debt collection

13    practices of two California corporations, Lienenforcement, Inc. and Anytime Towing, as well as

14    the City of San Diego and two individual City of San Diego Police Officers, Officers Enriquez and

15    Andal.  (*Id.* at 2)  Because the Motion for Injunction seeks to enjoin only the City Defendants, the

16    Court focuses on the allegations in the FAC pertaining to those defendants here.

17    According to Hylton, the City of San Diego has a practice of impounding vehicles as a way

18    of increasing city revenues, whereby police officers are rewarded for citing and impounding

19    vehicles that have expired registrations.  (*Id.* at 4)  At the time that Hylton was cited and his car

20    impounded, he asserts that Officers Enriquez and Andal questioned him about his place of

21    employment for the purpose of obtaining "information that would be used for debt collection

22    purposes, without disclosing that fact."  (*Id.* at 4–5)  These allegations provide the factual support

23    for Hylton's claims against the City Defendants for violations of the FDCPA for "[u]sing

24    deceptive means to obtain information about a consumer," (*id.* at 4), violations of public policy,

25    (*id.* at 7), and unlawful search and seizure in violation of the U.S. Constitution, (*id.*).

26    In his Motion for Injunction, Hylton seeks a permanent injunction ordering the City

27    Treasurer to comply with various debt collection–related statutes.  (*See* Mot. Inj. 2, ECF No. 94)

28    Hylton asserts that the City Treasurer has failed to comply with certain statutory and regulatory

1   mandates pertaining to its collection practices under the City Treasure's Delinquent Accounts

2   Program.  (*See id.* at 3, 6–10)  The purpose of the Delinquent Accounts Program is purportedly "to

3   carry out the Office of the City Treasurer's responsibility to collect delinquent amounts owed to

4   the City of Dan Diego," (*id.* at 6), and the Program does so in part by "report[ing] accounts to

5   **various** credit reporting agencies," (*id.* at 7).  But according to Hylton, the City Treasurer has

6   made no attempts to comply with the FDCPA or other state and federal laws pertaining to debt

7   collection practices.  (*Id.* at 10)

8          Although Hylton conclusively states that relationship between the relief requested in the

9   FAC and in the Motion for Injunction is "self-evident," (Resp. in Opp'n to Ex Parte Mot. 4, ECF

10  No. 102),[2] the Court finds it tenuous at best.  A preliminary injunction may be granted only when

11  the "intermediate relief [is] of the same character as that which may be granted finally."  *De Beers*

12  *Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Johnson v. Couturier*, 572 F.3d

13  1067, 1084 (9th Cir. 2009) (discussing *De Beers*); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th

14  Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not

15  of the same character, and deals with a matter lying wholly outside the issues in the suit.").  Thus,

16  "a party moving for a preliminary injunction must necessarily establish a relationship between the

17  injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v.*

18  *Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Hines v. Adamik*, 2007 U.S. Dist. LEXIS

19  21494, at *15 (N.D. Cal. Mar. 12, 2007) ("[A]n injunction cannot be granted which is unrelated to

20  the subject of the litigation . . . .").

21         Here, the allegations in the FAC and the relief sought in the Motion for Injunction are

22  completely unrelated.  To be sure, both pertain to alleged violations of the FDCPA and other state

23  and federal laws governing debt collection practices.  But the practices alleged to violate those acts

24  in the FAC are different practices taken by different parties than those asserted in the Motion for

25  Injunction.  The Court fails to see the "self-evident" connection between Officers Enriqez and

26  Andal's questioning of Hylton at the time that his car was impounded and the City Treasurer's

27  _____

28         [2] Hylton did not address this basis for dismissal in his reply or supplemental reply briefs, but did discuss it in his opposition to City Defendants' Ex Parte Motion to Strike Plaintiff's Motion for Injunction.

1 collection practice of reporting debts to various credit reporting agencies.

2      Because Hylton cannot pursue the relief he is seeking in his Motion for Injunction in this

3 case, the Court **DENIES** the motion.

4      **IT IS SO ORDERED**.

6 DATED:  August 17, 2012

7 Honorable Janis L. Sammartino
United States District Judge

- 4 -