# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HYLTON,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>ANYTIME TOWING, RICKENBACKER COLLECTION SERVICES, RICKENBACKER GROUP, RICKENBACKER COLLECTION SYSTEM, CARLOS CASAS, ENRIQUEZ, CITY OF SAN DIEGO, DOES 1–10,<br><br>　　　　　　　　　Defendants. | CASE NO. 11CV1039 JLS (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION**<br><br>(ECF No. 94) |

　　　　Presently before the Court is Plaintiff Richard Hylton's ("Hylton") Motion for Injunction. (Mot. Inj., ECF No. 94)[1] Also before the Court are City Defendants' response in opposition, (Resp. in Opp'n, ECF No. 115), and Hylton's reply in support, (Reply in Supp., ECF No. 122), and supplemental reply in support, (Supplemental Reply, ECF No. 126). The hearing set on August 16, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **DENIES** Hylton's motion.

//

---

[1] Soon after Hylton filed the Motion for Injunction, City Defendants moved ex parte to strike the motion, for many of the same reasons now raised in their opposition brief. The Court denied City Defendants' ex parte motion in a July 26, 2012, Order. (Order, July 26, 2012, ECF No. 114)

1    City Defendants oppose Hylton's Motion for Injunction because the relief sought in that
2    motion is beyond the scope of the operative complaint in this matter. (Resp. in Opp'n 2–4, ECF
3    No. 115) Specifically, City Defendants assert that Hylton's motion for injunction and FAC are
4    based on entirely different facts and circumstances, the motion seeks an injunction against a party
5    (the San Diego City Treasurer ("City Treasurer")) not named in the FAC, and the FAC did not
6    seek injunctive relief. (*Id.*) Upon a close review of the First Amended Complaint ("FAC") and
7    Hylton's Motion for Injunction, the Court agrees that the relief sought in the motion is wholly
8    distinct from the relief sought in the FAC, and as such Hylton's Motion for Injunction is
9    **DENIED**.

10   In the FAC, Hylton seeks, among other forms of relief, a permanent injunction to prevent
11   future violations of the Fair Debt Collection Practices Act ("FDCPA") and other federal laws and
12   the U.S. Constitution. (FAC 8, ECF No. 56) In short, Hylton is challenging the debt collection
13   practices of two California corporations, Lienenforcement, Inc. and Anytime Towing, as well as
14   the City of San Diego and two individual City of San Diego Police Officers, Officers Enriquez and
15   Andal. (*Id.* at 2) Because the Motion for Injunction seeks to enjoin only the City Defendants, the
16   Court focuses on the allegations in the FAC pertaining to those defendants here.

17   According to Hylton, the City of San Diego has a practice of impounding vehicles as a way
18   of increasing city revenues, whereby police officers are rewarded for citing and impounding
19   vehicles that have expired registrations. (*Id.* at 4) At the time that Hylton was cited and his car
20   impounded, he asserts that Officers Enriquez and Andal questioned him about his place of
21   employment for the purpose of obtaining "information that would be used for debt collection
22   purposes, without disclosing that fact." (*Id.* at 4–5) These allegations provide the factual support
23   for Hylton's claims against the City Defendants for violations of the FDCPA for "[u]sing
24   deceptive means to obtain information about a consumer," (*id.* at 4), violations of public policy,
25   (*id.* at 7), and unlawful search and seizure in violation of the U.S. Constitution, (*id.*).

26   In his Motion for Injunction, Hylton seeks a permanent injunction ordering the City
27   Treasurer to comply with various debt collection–related statutes. (*See* Mot. Inj. 2, ECF No. 94)
28   Hylton asserts that the City Treasurer has failed to comply with certain statutory and regulatory

mandates pertaining to its collection practices under the City Treasure's Delinquent Accounts Program. (*See id.* at 3, 6–10) The purpose of the Delinquent Accounts Program is purportedly "to carry out the Office of the City Treasurer's responsibility to collect delinquent amounts owed to the City of Dan Diego," (*id.* at 6), and the Program does so in part by "report[ing] accounts to **various** credit reporting agencies," (*id.* at 7). But according to Hylton, the City Treasurer has made no attempts to comply with the FDCPA or other state and federal laws pertaining to debt collection practices. (*Id.* at 10)

Although Hylton conclusively states that relationship between the relief requested in the FAC and in the Motion for Injunction is "self-evident," (Resp. in Opp'n to Ex Parte Mot. 4, ECF No. 102),[2] the Court finds it tenuous at best. A preliminary injunction may be granted only when the "intermediate relief [is] of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Johnson v. Couturier*, 572 F.3d 1067, 1084 (9th Cir. 2009) (discussing *De Beers*); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Hines v. Adamik*, 2007 U.S. Dist. LEXIS 21494, at *15 (N.D. Cal. Mar. 12, 2007) ("[A]n injunction cannot be granted which is unrelated to the subject of the litigation . . . .").

Here, the allegations in the FAC and the relief sought in the Motion for Injunction are completely unrelated. To be sure, both pertain to alleged violations of the FDCPA and other state and federal laws governing debt collection practices. But the practices alleged to violate those acts in the FAC are different practices taken by different parties than those asserted in the Motion for Injunction. The Court fails to see the "self-evident" connection between Officers Enriqez and Andal's questioning of Hylton at the time that his car was impounded and the City Treasurer's

---

[2] Hylton did not address this basis for dismissal in his reply or supplemental reply briefs, but did discuss it in his opposition to City Defendants' Ex Parte Motion to Strike Plaintiff's Motion for Injunction.

1  collection practice of reporting debts to various credit reporting agencies.

2  Because Hylton cannot pursue the relief he is seeking in his Motion for Injunction in this
3  case, the Court **DENIES** the motion.

4  **IT IS SO ORDERED**.

6  DATED: August 17, 2012

7  Honorable Janis L. Sammartino
   United States District Judge