# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HYLTON,<br><br>   Plaintiff,<br><br>vs.<br><br>ANYTIME TOWING, RICKENBACKER COLLECTION SERVICES, RICKENBACKER GROUP, RICKENBACKER COLLECTION SYSTEM, CARLOS CASAS, ENRIQUEZ, CITY OF SAN DIEGO, DOES 1–10,<br><br>   Defendants. | CASE NO. 11CV1039 JLS (WMc)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS**<br><br>(ECF Nos. 62, 80) |

Presently before the Court is pro se Plaintiff Richard Hylton's ("Hylton") Appeal of the Decision of the Magistrate Judge Wm. McCurine Re: Motion to Compel, (Obj., ECF No. 80), which the Court construes as objections to Magistrate Judge McCurine's Order Granting Motion: (1) To Compel; (2) For a Protective Order; and (3) For Sanctions, (Mag. Order, ECF No. 62). Also before the Court are Defendant Nancar, Inc. d/b/a/ Anytime Towing's ("Anytime Towing") opposition, (Opp'n, ECF No. 89), and Hylton's reply, (Reply, ECF No. 97). The hearing set on July 19, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **OVERRULES** Hylton's objections.

## BACKGROUND

Magistrate Judge McCurine's Order contains a thorough and accurate recitation of the facts underlying his decision to Order Hylton to attend a second deposition, to destroy the unauthorized computer recording he made of the first deposition, and to pay Anytime Towing $2,400 in

1  attorney's fees and costs.  (Mag. Order, ECF No. 62)  This Order incorporates by reference the
2  facts as set forth in that Order.  In short, Anytime Towing took Hylton's deposition on March 9,
3  2012, but Hylton refused to answer the majority of questions posed on grounds of relevance and
4  mediation privilege.  In addition, Hylton secretly recorded the deposition proceedings on his
5  laptop computer, including off-the-record sidebars between defense counsel.  Thus, Magistrate
6  Judge McCurine found good cause to order a second deposition, and to issue a protective order
7  directing Hylton to destroy the unauthorized recording.  In addition, the magistrate judge found
8  sanctions warranted pursuant to Federal Rules of Civil Procedure 30(d)(2) and 37(a)(5).

## LEGAL STANDARD

Because Magistrate Judge McCurine's Order is a discretionary decision regarding a non-dispositive pretrial matter, the Court must determine whether the order is "clearly erroneous or contrary to law," pursuant to 28 U.S.C. § 636(b)(1)(A).  *See Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000).  "Clearly erroneous" review is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).  On the other hand, "contrary to law" review "permits independent review of purely legal determinations by the magistrate judge." *Fidelity*, 196 F.R.D. at 378 (citing, *inter alia*, *Computer Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)).

## ANALYSIS

### 1.  Hylton's Objections

Hylton objects to Magistrate Judge McCurine's imposition of sanctions.  Although Hylton admits that he recorded the deposition without permission, he "asserts that no-sidebars [sic] were recorded," (Obj. 3, ECF No. 80), or, if they were recorded, it was the fault of defense counsel's own "negligence or gamesmanship," (*id.* at 11 n.4).  Moreover, to the extent that any unauthorized recordings were made, Hylton asserts that he "would have had a right in law and under the United States constitution to make the recordings . . . because plaintiff has a right to record such exchanges, as a matter of law, since they involved a public official in the execution of his duties."

(*Id.* at 3)[1]

Regarding his refusal to answer certain deposition questions, Hylton argues that sanctions are not warranted because his refusal was based on his misunderstanding of the law and of Magistrate Judge McCurine's prior orders. Specifically, Hylton was under the impression that any topics of conversation that were a part of the Early Neutral Evaluation conference were off-limits as confidential and privileged at the deposition. Moreover, he believed all background questions were objectionable on relevance grounds. (*See generally id.*)

**2. Anytime Towing's Opposition**

Anytime Towing argues that the Court should overrule Hylton's objections because (1) the objections are untimely, (2) the objections are moot, and (3) the magistrate judge's order was not clearly erroneous or contrary to law. (Opp'n, ECF No. 89) The Court considers each argument in turn.

*A. Timeliness*

Anytime Towing argues that Hylton's objections are untimely under Federal Rule of Civil Procedure 72(a), which allows a party to "serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy." Here, Magistrate Judge McCurine's Order was filed on May 2, 2012, but Hylton's objections were not filed until May 29, 2012, twenty-seven days later.

The Court declines to dispose of Hylton's objections as untimely, however. Although the operative objections were filed beyond the fourteen-day deadline, Hylton first attempted to file objections to the magistrate judge's Order on May 17, 2012, just fifteen days after the Order was

---

[1] Hylton also suggests that Magistrate Judge McCurine "may have too great an interest in this simple case," (Obj. at 4, ECF No. 80), and that the magistrate judge entered judgment in favor of the defendants "[p]rior to hearing the full facts of the case," (*id.* at 8). The Court notes, however, that although Magistrate Judge McCurine exercised his discretion to decide Anytime Towing's motion without oral argument, *see* Local Rule 7.1.d.1, he nevertheless "careful[ly] consider[ed] . . . the parties' briefing and exhibits" prior to ruling on the motion, (Mag. Order 2, ECF No. 62). This included Hylton's response in opposition. (Resp. in Opp'n, ECF No. 58)

Moreover, the Court disagrees that Magistrate Judge McCurine has "too great an interest" in this case such that his impartiality may be questioned. *See* 28 U.S.C. § 144 (bias or prejudice of judge); *id.* § 455 (disqualification of justice, judge, or magistrate judge); *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

issued.[2] Allowing for time for Hylton to receive the Order via mail, this first attempt at objecting may very well have been timely. In light of Hylton's pro se status and his good faith attempt to comply with the time limits of Rule 72(a), the Court declines to dispose of his objections for this procedural deficiency.

*B. Mootness*

Anytime Towing alternatively argues that Hylton's objections are moot because already paid the sanctions amount. (Opp'n 4, ECF No. 89) Anytime Towing attaches no proof that the sanctions have been paid, however, and nothing in Hylton's briefing acknowledges that he has paid the $2,400. Thus, the Court also declines to dispose of Hylton's objections on the basis of mootness.[3]

*C. Clearly Erroneous / Contrary to Law*

Upon consideration, the Court concludes that Magistrate Judge McCurine's decision to impose sanctions under Rules 30(d)(2) and 37(a)(5) was neither clearly erroneous nor contrary to law, and accordingly **OVERRULES** Hylton's objections.

Rule 30(d)(2) permits a court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." The Court agrees with Magistrate Judge McCurine's conclusion that "Rule 30(d)(2) was implicated when Plaintiff refused to answer deposition questions designed simply to elicit the underlying facts of this case and used his personal computer to improperly record off-the-record conversations between counsel . . . ." Contrary to what is suggested by Hylton's objections, Rule 30(d)(2) does not include a bad faith requirement. *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 196 (E.D. Pa. 2008) ("[T]he imposition of sanctions under Federal Rules of Civil Procedure 30(d)(2) and 37(a)(5)(A) does not require a finding of bad faith.")

---

[2] These objections were ultimately stricken, however, for failure to comply with Civil Local Rules 5.1 and 7.1. (Order, ECF No. 77)

[3] Moreover, the Court questions whether Hylton's objections are necessarily mooted by his timely paying the sanction amount, in light of the fact that the Court could Order Anytime Towing to return the $2,400 if the sanction were deemed clearly erroneous or contrary to law.

Rule 37(a)(5)(A) likewise does not contain a bad faith requirement.  *See* Fed. R. Civ. P. 37 advisory committee's note; *DeVaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993). In fact, the rule requires the imposition of sanctions against "the party or deponent whose conduct necessitated the motion [to compel]" unless the motion to compel was filed before a good faith attempt to obtain the discovery was made, the nondisclosure was "substantially justified," or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Read liberally, Hylton appears to be objecting on the basis that his conduct was "substantially justified" or that other circumstances made the award of sanctions unjust.

An individual's discovery conduct may be deemed "substantially justified" under Rule 37 if "reasonable people could differ as to whether the party requested must comply."  *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).  Here, Magistrate Judge McCurine deemed Hylton's "conduct at the deposition . . . unjustified."  (Mag. Order 6, ECF No. 62)  The magistrate judge considered and rejected Hylton's assertions that he misunderstood the Early Neutral Evaluation Order's confidentiality and privilege provisions, and his duty to answer fact-based background and foundational questions subject to any objections.  The Court cannot conclude that Magistrate Judge McCurine's conclusion that Hylton's conduct was unjustified was clearly erroneous or contrary to law.  Although Hylton is proceeding pro se, "he is and should be subject to sanctions like any other litigant."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** Hylton's objections to Magistrate Judge McCurine's Order for sanctions in their entirety.  Judge McCurine's Order is neither clearly erroneous nor contrary to law.

**IT IS SO ORDERED**.

DATED: August 17, 2012

Honorable Janis L. Sammartino
United States District Judge