UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HYLTON,<br><br>          Plaintiff,<br><br>v.<br><br>ANYTIME TOWING, RICKENBACKER COLLECTION SERVICES, RICKENBACKER GROUP, RICKENBACKER COLLECTION SYSTEM, CARLOS CASAS, ENRIQUEZ, CITY OF SAN DIEGO, DOES 1-10,<br><br>          Defendants. | Case No. 11-cv-1039 JLS (WMc)<br><br>**ORDER FOLLOWING *IN CAMERA* REVIEW** |

## I.  INTRODUCTION AND PROCEDURAL HISTORY

On August 14, 2012, Plaintiff *pro se* filed a Motion to Compel Production of Documents and to Answer Interrogatories and for Sanctions in the above entitled case. [ECF No. 124.] . On August 29, 2012, Defendant City of San Diego filed an opposition brief. [ECF No. 136.] On September 5, 2012, Plaintiff filed a reply brief in support of his motion to compel. [ECF No. 138.] Also on September 7, 2012, Defendant Anytime Towing filed an opposition brief. [ECF No. 140.] On September 12, 2012, the Court held a hearing on Plaintiff's motion to compel. On September 13, 2012, the Court issued an Order granting in part and denying part Plaintiff's motion to compel and directing Defendant Andal to lodge the requests for production and the answers or objections to the requests for production for *in camera* review. [ECF No. 146.] The materials were lodged with

Judge McCurine's chambers on September 13, 2012. The Court has completed its *in camera* review and issues the following order.

## II. *IN CAMERA* REVIEW

Under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all relevant documents in his "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). A party may be required to produce a document that is in the possession of a nonparty entity if the party has the legal right to obtain the document. *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D.Cal.1995). The term "control" is broadly construed, and it includes documents that the responding party has the legal right to obtain from third parties. *See id.* (citations omitted); 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.14[2][b], at 34–73 to 34–75 (footnotes omitted).

The Court has reviewed Defendant Andal's responses to Plaintiff's requests for production. Defendant Andal's responses as to requests for production Nos. 1, 4, 5 and 6 are sufficient and require no further response. Only an objection, however, was given as to requests for production 2 and 3. Given the broad parameters of Rule 34, the Court **ORDERS** Defendant Andal to serve responses to those requests only:

a.) **Request for Production No. 2** - Defendant Andal has objected to this request on the grounds that it is overly broad, indefinite as to time, vague, ambiguous and unintelligible as to "refer to or relate to your training." The objection is **OVERRULED.** The Court finds Plaintiff's request for materials which show Defendant Andal's training, if any, as an officer regarding the acceptance of alternate evidence of automobile registration under California Vehicle Code section 4462 is not broad, vague or unintelligible. Under Federal Rules of Civil Procedure, parties may obtain discovery of material that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).) Records concerning training and performance, have been held to be relevant on the issues of credibility,

notice to the employer, ratification by the employer, motive of the officers and malicious intent. *See Soto v. City of Concord*, 162 F.R.D. at 613 (citing *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993). **Accordingly, Defendant Andal is ORDERED to produce relevant documents, if any, in his possession, custody, or control in response to Interrogatory No. 2.**

b.) **Request for Production No. 3** - Defendant Andal has objected to this request on the grounds that it is overly broad, indefinite as to time, vague, ambiguous and unintelligible as to "refer to or relate to your training." The objection is **OVERRULED.** The Court finds Plaintiff's request for materials which show Defendant Andal's training, if any, as an officer regarding the presentation of temporary receipts under California Vehicle Code section 4462 is not broad, vague or unintelligible. **Accordingly, Defendant Andal is ORDERED to produce relevant documents, if any, in his possession, custody, or control in response to Interrogatory No. 3.**

Courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to plaintiff, his counsel and those experts who require such information to formulate an opinion. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995.) *If responsive documents to requests for production nos. 2 and 3 are found*, the Court orders the parties to enter into an appropriate protective order governing the documents to be produced.

### III.  CONCLUSION AND ORDER

In accordance with the Court's findings expressed above, Defendant is ordered to respond to Plaintiff's requests for production nos. 2 and 3 **no later than October 5, 2012.**

**IT IS SO ORDERED.**

DATED: September 18, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court