1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## SOUTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  RICHARD HYLTON, | CASE NO.11cv1039-GPC(WMC) |
| 11                                    Plaintiff, | **ORDER:** |
| 12 | **1) GRANTING DEFENDANT ANYTIME TOWING'S MOTION FOR SUMMARY** |
| 13 | **ADJUDICATION;** |
| 14 | **2) GRANTING CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;** |
| 15    vs. | **3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;** |
| 16 | **4) DENYING DEFENDANT ANYTIME TOWING'S MOTION TO DISMISS AS MOOT;** |
| 17 | **5) DENYING DEFENDANT CITY DEFENDANTS' MOTION TO DECLARE PLAINTIFF A** |
| 18 | **VEXATIOUS LITIGANT;** |
| 19 | **6) DENYING PLAINTIFF'S *EX PARTE* REQUEST FOR CLARIFICATION;** |
| 20 | **7) DENYING PLAINTIFF'S *EX PARTE* REQUEST FOR ORDER TO PRESERVE FUNDS;** |
| 21  ANYTIME TOWING; LIENENFORCEMENT COLLECTION | **8) DENYING PLAINTIFF'S *EX PARTE* MOTION FOR** |
| 22  SERVICES; LIENENFORCEMENT, INC.; BILLY ANDAL; EMERY ENRIQUEZ; | **TEMPORARY RESTRAINING ORDER** |
| 23  CITY OF SAN DIEGO, DOES 1-10, | |
| 24                                    Defendants. | |
| 25 | [Dkt. Nos. 48, 69, 83, 86, 127 134, |
| 26 | 145, 150.] |

27
28        Before the Court are Defendant Anytime Towing's motion to dismiss and motion for summary

adjudication as to all claims against it; Defendants City of San Diego, Andal and Enriquez' motion for summary judgment; Plaintiff's motion for summary judgment; City Defendants' motion to declare Plaintiff a vexatious litigant; Plaintiff's *ex parte* notice of request and request for clarification; Plaintiff's *ex parte* request or motion for order to preserve funds; and Plaintiff's *ex parte* notice of and motion for temporary restraining order.[1]   The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

After a review of the briefs, supporting documentation, and applicable law, the Court GRANTS Defendant Anytime Towing's motion for summary adjudication as to all claims against it; GRANTS Defendants City of San Diego, Andal and Enriquez's motion for summary judgment as to all claims against it; DENIES Plaintiff's motion for summary judgment; DENIES Defendant Anytime Towing's motion to dismiss as moot; DENIES City Defendants' motion to declare Plaintiff a vexatious litigant; DENIES Plaintiff's *ex parte* notice of request and request for clarification; DENIES Plaintiff's *ex parte* request or motion for order to preserve funds; and DENIES Plaintiff's *ex parte* notice of and motion for temporary restraining order against City Defendants.

**Procedural Background**

On May 12, 2011, Plaintiff Richard Hylton filed a complaint against Defendants. (Dkt. No. 1.)  On September 26, 2011, Plaintiff filed a motion to amend the complaint and motion for partial judgement as a matter of law. (Dkt. No. 21.)  On October 27, 2011, Defendant Anytime Towing filed a motion for judgment on the pleadings. (Dkt. No. 26.)  On February 24, 2012, Defendants City of San Diego and Enriquez filed a motion for summary judgment. (Dkt. No. 43.)  On March 26, 2012, District Judge Sammartino granted Plaintiff's motion to amend the complaint and denied as moot Plaintiff's motion for partial summary judgment as a matter of law, Defendant Anytime Towing's motion for judgment on the pleadings, and Defendants City of San Diego and Enriquez' motion for summary judgment. (Dkt. No. 47.)

---

[1]The Court notes that Plaintiff alleges numerous facts and allegations in his abundant filings with the Court that are not alleged in the first amended complaint.  The Court's review on summary judgment is on the causes of action in the first amended complaint.  See Fondahn v. Native Village of Tyonek, 450 F.2d 520, 522 n. 5 (9th Cir. 1971) (declining to consider on summary judgment claim asserted in plaintiff's opposition but never made part of the complaint through amendment).  Therefore, the Court will limit its review of Plaintiff's filings to the causes of action in the first amended complaint.

On March 26, 2012, Plaintiff filed a first amended complaint against Defendants Anytime Towing, City of San Diego, Officer Emery Enriquez, Officer Billy Andal, Lienenforcement Collection Services, and Lienenforcement, Inc. (Dkt. No. 56.) On March 28, 2012, Defendant Anytime Towing filed a motion to dismiss and on May 16, 2012, Defendants City of San Diego, Andal and Enriquez ("City Defendants") filed a motion for summary judgment. (Dkt. Nos. 48, 69.) On May 17, 2012, Plaintiff filed a notice of dismissal with prejudice as to Lienenforcement, Inc. erroneously sued as Lienenforcement Collection Services, and Lienenforcement, Inc. (Dkt. No. 72.)

On May 29, 2012, Plaintiff filed a motion for sanctions against City Defendants and Defendant Anytime Towing. (Dkt. Nos. 78, 79.) On June 18, 2012, Defendant Anytime Towing filed a motion for summary adjudication. (Dkt. No. 83.) On June 21, 2012, Plaintiff filed a motion for summary judgment against all Defendants and a motion for rule 11 sanctions. (Dkt. Nos. 86, 87.) On July 3, 2012, Plaintiff filed a motion for permanent injunction. (Dkt. No. 94.) City Defendants filed a motion to declare Plaintiff a vexatious litigant on August 15, 2012. (Dkt. No. 127.)

On August 17, 2012, District Judge Sammartino denied Plaintiff's motion for sanctions against City Defendants and Anytime Towing and denied Plaintiff's motion for permanent injunction. (Dkt. No. 128, 129.) On the same date, the Court also overruled Plaintiff's objection to Magistrate Judge McCurine's order for sanctions. (Dkt. No. 130.) On August 28, 2012, Plaintiff withdrew his motion for sanctions filed on June 21, 2012. (Dkt. No. 166.)

On August 28, 2012, Plaintiff filed a motion for order to preserve funds. (Dkt. No. 134.) On September 10, 2012, Plaintiff filed an *ex parte* notice of request and request for clarification. (Dkt. No. 145.) On September 18, 2012, Plaintiff filed an *ex parte* notice for motion for temporary restraining order.[2] (Dkt. No. 150.) On October 9, 2012, the matter was transferred to the undersigned judge. (Dkt. No. 161.)

Pending before the Court are the following motions:

1. On March 28, 2012, Defendant Anytime Towing filed a motion to dismiss. (Dkt. No. 48.)

---

[2]On September 25, 2012, the Court set a briefing schedule on the motion for temporary restraining order as the Court declined to treat his request for an emergency temporary restraining order because Plaintiff had not demonstrated any threatened injury to warrant extraordinary relief. (Dkt. No. 151.)

Plaintiff's opposition was filed on April 30, 2012. (Dkt. No. 64.) Defendant filed a reply on May 3, 2012. (Dkt. No. 65.) Because Anytime Towing subsequently filed a motion for summary adjudication on June 18, 2012, the Court DENIES Defendant's motion to dismiss as MOOT.

2. On May 16, 2012, City Defendants filed a motion for summary judgment. (Dkt. No. 69.) Plaintiff's opposition was filed on June 6, 2012. (Dkt. No. 82.) City Defendants filed a reply on June 21, 2012. (Dkt. No. 85.)

3. Defendant Anytime Towing's motion for summary adjudication was filed on June 18, 2012. (Dkt. No. 83.) Plaintiff's opposition was filed on July 17, 2012. (Dkt. No. 103.) Defendant filed a reply on July 19, 2012. (Dkt. No. 105.)

4. On June 21, 2012, Plaintiff filed a motion for summary judgment as to all Defendants. (Dkt. No. 86.) Defendant Anytime Towing filed an opposition on July 19, 2012. (Dkt. Nos. 106, 107.) City Defendants filed an opposition on July 19, 2012. (Dkt. No. 109.) Plaintiff filed a reply on August 8, 2012. (Dtk. No. 120.)

5. On August 15, 2012, City Defendants filed a motion to declare Plaintiff a vexatious litigant. (Dkt. No. 127.) Plaintiff filed an opposition on September 18, 2012. (Dkt. No. 148.) On September 27, 2012, Defendants filed a reply. (Dkt. No. 155.)

6. On August 28, 2012, Plaintiff filed an *ex parte* request or motion for order to preserve funds. (Dkt. No. 134.) Defendant Anytime Towing and City Defendants filed an opposition on September 27, 2012. (Dkt. Nos. 152, 154.) Plaintiff filed a reply on October 15, 2012. (Dkt. No. 163.)

7. On September 10, 2012, Plaintiff filed an *ex parte* notice of request and request for clarification. (Dkt. No. 145.) No briefing schedule was issued and no oppositions have been filed.

8. On September 18, 2012, Plaintiff filed an *ex parte* notice of and motion for temporary restraining order against City Defendants. (Dkt. No. 150.) City Defendants filed an opposition on October 25, 2012. (Dkt. No. 164.) Plaintiff filed a reply on November 7, 2012. (Dkt. No. 168.)

**Factual Background**

It is undisputed that on May 12, 2010, Plaintiff was stopped by San Diego Police Officers Enriquez and Andal for driving with an expired registration tab. (Dkt. No. 83-3, Enriquez Decl. ¶ 3, 4; Dkt. No. 86-3, Hylton Decl. at 1.)

**A.    City Defendants' Facts**

When Defendants Enriquez and Andal stopped Plaintiff for an expired registration tab, they checked the Mobile Data Terminal ("MDT") in their squad car to obtain DMV records which showed that Plaintiff was the registered owner of the vehicle but that the vehicle's registration had expired on August 8, 2009. (Dkt. No. 83-3, Enriquez Decl. ¶ 4; Ex. A.) Based on the information from the DMV, Enriquez cited and impounded the vehicle in accordance with California Vehicle Code section 22651(o)(1)(A)[3].  (Id. ¶ 5.)   At the time of the vehicle impound, Enriquez conducted a vehicle inventory of the vehicle according to the City's towing procedure. (Id. ¶ 6.) A vehicle impound report was completed for Plaintiff's vehicle including an estimate of the vehicle value to comply with the vehicle report and towing manual requirements.  (Id.)

**B.    Plaintiff's Facts**

According to Plaintiff, on May 12, 2010, when he was stopped by Officers Enriquez and Andal, he provided them with evidence of a paid registration; however, the officers informed him that his car was going to be impounded because the car registration was expired. (Dkt. 86-3, Hylton Decl. at 1.)  He states that Officer Andal demanded his car keys and Plaintiff complied.  (Id.)  Andal suggested that he call someone to pick him up.  (Id.)  When Plaintiff asked Andal whether he could drive it home and park it, he refused.  (Id.)  Plaintiff states that Enriquez stood by the passenger side and asked him what kind of business he was in and where he worked.  (Id. at 2.)  Initially, Plaintiff did not respond.  (Id.)  When Enriquez asked again, Plaintiff told him that he developed software but did not see how that was relevant.  (Id.)  Andal provided him a citation for "expired registration"  (Id. at

---

[3]California Vehicle Code section 22651(o)(1)(A) states, "[a] peace officer . . . may remove a vehicle . . . under the following circumstances: . . . .(o)(1) When a vehicle is found or operated upon a highway, public land, or an offstreet parking facility under the following circumstances: (A) With a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the offstreet parking facility." Cal. Veh. Code § 22651(o)(1)(A).

2.)  He told both officers that the registration was incomplete but not expired.  (Id.)   "Andal then flared and snarled, I know that things are tough nowadays but you should have paid your registration months ago, or words to that effect."  (Id.)  When Plaintiff asked how he could recover his car, Andal advised that he would have to pay a towing fee and would have to provide the towing company with a valid registration.  (Id.)  He advised both officers that in order to get a valid registration, he would have to get the smog inspection but since the towing company will have the car, it meant he could never get the car.  (Id. at 3.)  Andal then said "Look that is your problem.  Are you sure that I wont (sic) find guns, drugs or nuclear weapons in the car."  (Id.)  Plaintiff told Andal that there were none and walked home.  (Id.)

**C.     Defendant Anytime Towing's Facts**

On May 12, 2010, pursuant to the valid contract between Anytime Towing and the San Diego Police Department, the San Diego Police Department contacted Anytime Towing to tow the Plaintiff's car.  (Dkt. No. 83-5, Cravens Decl. ¶¶ 5-7; Exs. A, B.)  The SDPD provided Anytime Towing with a Vehicle Report, which provided background information on the Vehicle, the basis for why it was being impounded and the appraisal value between $301-$4000.  (Id. ¶¶ 6-7.; Exs. C, D.)  Anytime Towing prepared its own inventory and prepared towing receipt that detailed a towing fee of $178.00 plus a mileage fee of $22.00.  (Id. ¶ 6, Ex. C.)

Plaintiff admitted that he received a Notice of Stored Vehicle from the San Diego Police Department prior to May 19, 2010 that identified Anytime Towing.  (Dkt. No. 83-4, Hackett Decl., Ex. A, Hylton Depo. at 180:21-181:8, 233:15-23.)  Since Anytime Towing did not hear from Plaintiff within seventy-two hours, it, through Clear Choice Lien Service, Inc. ("Clear Choice") obtained the Vehicle's registration information from the DMV on May 19, 2010.  (Dkt. No. 83-5, Cravens Decl. ¶¶ 8, 11-12, 18; Ex. H.)[4]  On May 20, 2012, Anytime Towing, through Clear Choice sent Plaintiff, via certified mail, return receipt requested, and the DMV, via certified mail, the "Notice of Pending Lien Sale for Vehicle Valued $4000 or Less."  (Id. ¶ 9; Exs. E, F.)  At least 10 days prior to and including the sale date of June 21, 2010, Anytime Towing posted a copy of the Lien Notice at its office.  (Id. ¶

---

[4]Anytime Towing references page 2 of Ex. H.  However, there is no Page 2 to exhibit H on the docket.

11.)  Anytime Towing did not receive an opposition to the Lien Notice prior to the sale on July 15, 2010.  (Id. ¶12.)  On July 15, 2010, Plaintiff's Vehicle was sold at an auction for $600.00  (Id.¶ 13; Ex G.)  Following the sale of the Vehicle, Anytime Towing provided the Certification of Lien Sale for Vehicle Valued $4,000 or Less to the buyer and the "Notice of Transfer and Release of Liability" to the DMV to inform them of the sale.  (Id. ¶¶ 14, 15; Exs. G, H.)  As of July 15, 2010 and continuing through today, Anytime Towing's unrecovered fees and costs is $1,228.00.  (Id. ¶ 16; Ex. J.)

Anytime Towing asserts it does not regularly, on behalf of itself or others, engage in the collection of money owing or alleged to be due or owing from a natural person to another person or entity.  (Id. ¶ 20.)  Instead, it uses agencies such as Rickenbacker and Lien Enforcement to collect money that persons owe to Anytime Towing.  (Id.)  Anytime Towing did not discuss with Plaintiffs amounts he owed to it except when Plaintiff first contacted Anytime Towing by letter on August 30, 2010 to inform Anytime Towing that Rickenbacker contacted him regarding the $1,228.00 and to request documentation for that amount.  (Id. ¶ 21.)  Anytime Towing has not furnished any credit related information concerning Plaintiff to any entities that regularly engage in the practice of assembling or evaluating consumer credit information.  (Id. ¶ 22.)

**Discussion**

Plaintiff and all Defendants are moving for summary judgment against each other on the claims in the first amended complaint.

**I.      Legal Standard for Motion for Summary Judgment**

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action."  Celotex Corp. v. Catrett, 477 U.S. 317, 325, 327 (1986).  Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material when it affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues

of material fact.  Celotex Corp., 477 U.S. at 323.  The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial.  Id. at 322-23.  If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324.  If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law.  Id. at 325.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  In making this determination, the court must "view[] the evidence in the light most favorable to the nonmoving party."  Fontana v. Haskin, 262 F.3d 871, 876 (9th Cir. 2001).  The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact.  Anderson, 477 U.S. at 255.

## II.    Defendant Anytime Towing's Motion for Summary Adjudication and Plaintiff's Cross-Motion for Summary Judgment

Defendant Anytime Towing moves for summary adjudication[5] on the fourth, fifth, sixth and seventh causes of action  against it in the first amended complaint.  Plaintiff also moves for summary judgment on Counts Four, Five, and Seven.[6]

---

[5]The legal standard that applies to a motion for summary adjudication is the same as the one that applies to a motion for summary judgment.  Mora v. Chem-Tronics., Inc., 16 F. Supp. 2d 1191, 1200 (S.D. Cal. 1998).

[6]As part of its opposition to Plaintiff's motion for summary judgment, Anytime Towing filed a request for judicial notice. (Dkt. No. 108.)  The Court may take judicial notice of facts that are "not subject to reasonable dispute that is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The documents Defendant seeks the Court to take judicial notice of are documents already filed with the Court.  The Court concludes that these

**A.**   **Counts Four and Six - Federal Trade Commission Act Violations as to Anytime Towing**

In Count Four of the amended complaint, Plaintiff alleges violations of 15 U.S.C. § 45(a) of the Federal Trade Commission Act ("FTCA") and the California Civil Code that prohibits unfair business practices.  (FAC ¶ 60.)  It also appears that he may allege a claim under the Federal Debt Collection Practices Act ("FDCPA") as he cites to the FDCPA.  (Id. ¶ 57.)  Specifically, Plaintiff contends that the amounts owed is less than or an amount that is substantially less than the amount Defendant claims.  He alleges that these false and misleading claims constitute deceptive acts or practices under the FTC Act.  In Count Six, Plaintiff also alleges that Defendant has not relied on a reasonable basis to support its allegations about the amount of the consumer debt which is a violation of section 5(a) of the FTC Act.  (FAC ¶¶  65-67.)

Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), concerns the unfair methods of competition and unfair or deceptive acts in or affecting commerce.  15 U.S.C. § 45(a). It states, "[w]henever the commission shall have reason to believe that any such . . . corporation has been or is using any unfair method of competition or unfair or deceptive acts or practice in or affecting commerce, . . . it shall issue and serve upon such . . . corporation a complaint stating its charges in that respect . . . ."  15 U.S.C. § 45(b).  The Ninth Circuit has held that the Federal Trade Commission has the sole initial remedial power in enforcing provisions of the FTC Act.  Dreisbach v. Murphy, 658 F.2d 720, 730 (9th Cir. 1981) (citing Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973)).  Private parties may not file a complaint in federal court alleging violations of business practices prohibited by Section 5(a).  Id.

Defendant Anytime Towing contends that Plaintiff does not have standing to bring a claim under section 5(a) of the FTCA because it does not allow for a private cause of action.   The Court agrees.  Plaintiff does not address this issue in his opposition or motion for summary judgment.  Since Plaintiff may not allege a private cause of action under Section 5(a), as a matter of law, the Court GRANTS Defendant Anytime Towing's motion for summary adjudication as to the FTCA claims in

---

documents are appropriate for judicial notice.  Accordingly, the Court GRANTS Defendant's requests for judicial notice.

1    Counts Four and Six.

2        **B.        Count Four - Violation of Federal Debt Collection Practices Act ("FDCPA") as**

3              **to Anytime Towing**

4        The first amended complaint states Defendant's false and misleading representations are

5    violations of "Section 5(a) of FDCPA and the FTC Act, 15 U.S.C. § 45(a) . . . ."  It appears that

6    Section 5(a) references the FTC Act and there are no specific provisions of the FDCPA alleged.

7    However, the Court will conduct an analysis based on Defendant's argument that Anytime Towing

8    violated the FDCPA.  (Dkt. No. 86-2 at 21; Dkt. No. 165 at 4.)

9        Under the Fair Debt Collection Practices Act ("FDCPA"), "'debt' means any obligation or

10   alleged obligation of a consumer to pay money arising out of a transaction in which the money . . .

11   which are the subject of the transaction are primarily for personal, family, or household purposes . .

12   . .  15 U.S.C. § 1692a(5).  "'Debt collector' means any person who uses any instrumentality of

13   interstate commerce or the mails in any business the principal purpose of which is the collection of any

14   debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

15   asserted to be owed or due another.  Id. § 1692a(6).

16       Courts have held that a motor vehicle impoundment and towing fees arising out of action

17   authorized by state law enforcement agency do not constitute a "debt" within the meaning of Fair Debt

18   Collection Practices Act.  Betts v. Equifax Credit Info. Servs., Inc., 245 F. Supp. 2d 1130, 1133 (W.D.

19   Wa. 2003); Corridean v. Restore Finan. Servs., 2007 WL 1114221 (D. Or. 2007) (holding that vehicle

20   impoundment by Sergeants contacted by a charity does not arise from a consensual transaction where

21   the parties negotiated for consumer related goods or services).  The Betts court explained that

22   "impoundment of one's vehicle and statutory liability that necessarily attaches are not akin to even a

23   broad interpretation of a contractual, business, or otherwise consensual arrangement for services

24   rendered.  There is simply no 'transaction' between the parties."  Id. at 1133-34.

25       Defendant argues that it is not collecting a "debt" as defined in the FDCPA and does not

26   qualify as a "debt collector."  Anytime Towing provides a declaration from its General Manager stating

27   that it "does not regularly, on behalf of itself or others, engage in the collection of money owing or

28   alleged to be due or owing from a natural person to another person or entity."  (Dkt. No. 83-5, Cravens

Decl. ¶ 20.)   In addition, he states that any money owed to Anytime Towing does not result from a transaction where a person acquires services for personal, family or household purposes or services on credit for personal, family or household purposes.  (Id. ¶ 19.)  Anytime Towing uses agencies such as Rickenbacker Collection Services and Lien Enforcement, Inc. to collect money that people owe to Anytime Towing.  (Id. ¶ 20.)  As to Plaintiff's situation, Anytime Towing did not discuss with Plaintiff the amounts he owed until Plaintiff contacted Anytime Towing by letter on August 30, 2010 to inform Anytime that Rickenbacker contacted him regarding the $1,228.00 and requested documentation for the amount due.  (Id. ¶ 21.)

Defendant Anytime Towing has shown that there is an absence of a genuine issue of material fact that the actions complained of are subject to the FDCPA.  In opposition, Plaintiff states, "[t]he claim by Anytime Towing that it is not involved in debt-collection is no-more valid than that of the City of San Diego.  Anytime is a "**low-hanging fruit**" debt-collector."  (Dkt. No. 165, Pl's Opp. at 4) (emphasis in original).  In his motion for summary judgment, Plaintiff summarily states, "[a]ll exhibits and papers filed by Anytime Towing show that Anytime Towing refuses to acknowledge its duties and obligations under the FDCPA."  (Dkt. No.  86-2 at 21.)  Plaintiff does not direct the Court to specific facts in the record to demonstrate that there are genuine issues of triable fact as to whether the amount owed is a "debt" and whether Anytime Towing is a "debt collector" as defined under the FDCPA.  Conclusory allegations or unsupported conjecture cannot defeat summary judgment.  See Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107, 1112 (9th Cir. 2003) ("[The nonmoving party] cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements.").  Plaintiff has failed to demonstrate a genuine issue of material fact as to the FDCPA claim.

Accordingly, the Court GRANTS Defendant Anytime Towing's motion for summary adjudication as to the fourth cause of action under the FDCPA and DENIES Plaintiff's cross-motion for summary judgment on this claim.

**C.     Count Four - Unfair Business Practices as to Anytime Towing**

In the first amended complaint Plaintiff also claims that the facts alleged are a violation of the California Civil Code that prohibits unfair business practices.  (FAC ¶ 57.)  However, Plaintiff does

not provide a specific statutory provision under the Civil Code.

Defendant Anytime Towing moves for summary adjudication on this claim and surmises that Plaintiff is asserting a claim under California Civil Code sections 1760 and 1770 under the Consumer Legal Remedies Act which is designed to protect "consumers" in "transactions" relating to the sale of goods and services, and not a claim under California Business & Profession Code section 17200. Plaintiff does not address this claim in his opposition. However, in his motion for summary judgment, Plaintiff argues a UDPTA claim which appears to an "Unfair and Deceptive Trade Practices Act" claim. (Dkt. No. 86-2 at 22.)  The first amended complaint does not allege a UDPTA claim, but and the California Civil Code does not appear to have a UDPTA provision.

The Court's review on summary judgment is on the causes of action in the first amended complaint.  See Fondahn v. Native Village of Tyonek, 450 F.2d 520, 522 n. 5 (9th Cir. 1971) (declining to consider on summary judgment claim asserted in plaintiff's opposition but never made part of the complaint through amendment).  Moreover, the "party opposing summary judgment must direct [the court's] attention to specific, triable facts," S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003), and the reviewing court is "not required to comb through the record to find some reason to deny a motion for summary judgment." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting Forsberg v. Pac. Nw. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 1988)).

Here, Plaintiff does not properly allege an unfair business practices act in the first amended complaint.  Moreover, Plaintiff does not oppose Defendant's motion for summary judgment on this claim based on the California Consumer Legal Remedies Act statute.  Lastly, Plaintiff's attempt to move for summary judgment on the UDPTA claim that was never alleged in the first amended complaint and is not before this Court.

Accordingly, the Court GRANTS Defendant Anytime Towing's motion for summary adjudication on the claim for unfair business practices and DENIES Plaintiff's motion for summary judgment on this claim.

**D.   Count Five - Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code Section 1788.1 as to Anytime Towing**

1    In the first amended complaint, Plaintiff alleges that Anytime Towing attempted to collect a

2    consumer debt without indicating such at the time of the communications.  (FAC ¶ 63.)

3    The Robbins-Rosenthal Fair Debt Collection Practices Act ("RFDCPA") "like its federal

4    counterpart, is designed to protect consumers from unfair and abusive debt collection practices."

5    Robinson v. Managed Accts. Receivable Corp., 654 F. Supp.2d 1051, 1060 (C.D. Cal. 2009) (citing

6    Cal. Civ. Code § 1788.1).  The RFDCPA prohibits unfair or deceptive acts or practices in the

7    collection of consumer debts and provides for recovery of actual damages for violations and penalties

8    for willful violations.  Cal. Civil Code § 1788 et seq.  Under RFDCPA, "'debt collection'" means any

9    act or practice in connection with the collection of consumer debts.  Cal. Civil Code § 1788.2(b).

10   "Debt collector" means any "any person who, in the ordinary course of business, regularly, on behalf

11   of himself or herself or others, engages in debt collection.  The term includes any person who

12   composes and sells, or offers to compose and sell, forms, letters, and other collection media used or

13   intended to be used for debt collection . . . ."  Id. § 1788.2(c).  "Consumer debt" means "money,

14   property or their equivalent, due or owing or alleged to be due or owing from a natural person by

15   reason of a consumer credit transaction."  Id. § 1788.2(f).  "Consumer credit transaction" "means a

16   transaction between a natural person and another person in which property, services or money is

17   acquired on credit by that natural person from such other person primarily for personal, family, or

18   household purposes."  Id. § 1788.2(e).

19   Defendant argues that since the RFDCPA incorporates the FDCPA, Plaintiff is unable to show

20   a RFDCPA violation.  Specifically, Defendant provides a declaration demonstrating it is not a "debt

21   collector" as defined under the Act and the money owed does not qualify as a consumer "debt."  (See

22   Dkt. No. 83-5, Cravens Decl. ¶¶ 19-21.)  In opposition, Plaintiff does not address Defendant's

23   argument.  In his motion for summary judgment, Plaintiff states, "[a]ll exhibits and papers filed by

24   Anytime Towing show that Anytime Towing refuses to acknowledge its duties and obligations under

25   the . . . Rosenthal Act." (Dkt. No.  86-2 at 21.)  The party opposing summary judgment must direct

26   the Court to specific, triable fact.  Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1058 (9th Cir. 2009).

27   Plaintiff has failed to meet his burden to demonstrate a triable issue of fact.  Accordingly, the Court

28   GRANTS Defendant's motion for summary adjudication on Count Five for violations of the RFDCPA

1    and the Court DENIES Plaintiff's motion for summary judgment on this claim.

2        **E.    Count Seven - Fair Credit Report Act, 15 U.S.C. § 1681 *et seq*. as to Anytime**
3              **Towing**

4        In the first amended complaint, Plaintiff alleges violations of 15 U.S.C. § 1681s-2(a)(3).[7]

5    (FAC ¶ 73.)  Specifically, he maintains that Defendant provided credit information about Plaintiff to

6    Lienenforcement without communicating that the debt was disputed.  (Id. ¶ 69.)  In addition, in

7    communicating credit information to Lienenforcement, Anytime Towing used Lienenforcement as a

8    conduit to the credit reporting agencies.  (Id.)

9        The purpose of the FCRA is to protect consumers from the transmission of inaccurate

10   information about them and "to establish credit reporting practices that utilize accurate, relevant, and

11   current information in a confidential and responsible manner."  Guimond v. Trans Union Credit Info.

12   Co., 45 F.3d 1329, 1333 (9th Cir. 1995) (citations omitted).  "Congress limited the enforcement of the

13   duties imposed by 1681s-2(a) to governmental bodies."  Nelson v. Chase Manhattan Mort. Corp., 282

14   F.3d 1057, 1060 (9th Cir. 2002) see also 15 U.S.C. § 1681s-2(d).  However, private parties may seek

15   remedies under § 1681s-2(b).  Id.; see also Ilodianya v. Capital One Bank USA, NA, 853 F. Supp. 2d

16   772, 774 (E.D. Ar. 2012). (stating that FCRA is clear that there is no private right of action for alleged

17   violation of section 1681s-2(a) which requires that furnishers provide accurate information to credit

18   reporting agencies; but there is no bar against pursuing a private claim against a furnisher for a

19   violation of section 1681s-2(b) which requires that furnishers investigate the accuracy of reported

20   information after getting notice of a dispute).

21       In order to trigger the duties set forth in § 1682s-2(b), Plaintiff must allege that he notified a

22   credit reporting agency of his dispute.  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154

23   _____

24       [7]15 U.S.C. 1681s-2(a)(3) provides,

25       Duty to provide notice of dispute
26       If the completeness or accuracy of any information furnished by any person
         to any consumer reporting agency is disputed to such person by a consumer,
         the person may not furnish the information to any consumer reporting agency
27       without notice that such information is disputed by the consumer.

28   15 U.S.C. § 1681s-2(a)(3).

(9th Cir. 2009) (duties under § 1681s–2(b) arise only after the furnisher of financial information receives notice of the consumer's dispute from a credit reporting agency).

The first amended complaint alleges a violation under § 1681s-2(a)(3) which does not allow for a private cause of action. Alternatively, if Plaintiff asserted a cause of action under § 1681s-2(b), he must demonstrate that he notified a credit reporting agency about his dispute. See Gorman, 584 F.3d at 1154.

Defendant contends that Plaintiff has no standing to bring a cause of action under section § 1681s-2(a)(3). Alternatively, Defendant argues that even if Plaintiff asserted a cause of action under § 1682s-2(b), it did not receive notice from any "consumer reporting agency" that Plaintiff owed disputed amounts to Anytime Towing. (Dkt. No. 83-5, Cravens Decl. ¶¶ 22, 23.) Anytime Towing only provided the information to Rickenbacker and Lien Enforcement. (Id. ¶ 22.) Plaintiff argues that Defendants are incorrect as to the state of the law but then he claims that there is a private right of action under § 1681s-2(b). Plaintiff claims that he notified the disputed amount to Anytime Towing. (Dkt. No. 86-2 at 12.)

Defendant has shown that there is no genuine issue as to any material fact on Plaintiff's claim for violations of the FCRA that is did not receive notice from a consumer reporting agency about Plaintiff's disputed amount. Plaintiff states that he directly contacted Anytime Towing and does not provide any facts that he noticed a consumer reporting agency about the disputed amount. Therefore, Plaintiff has failed to provide specific facts to show there is a genuine issue for trial. See Celotex, 477 U.S. at 324. Accordingly, the Court GRANTS Defendant's motion for summary judgment as to the FCRA and DENIES Plaintiff's motion for summary judgment as to the FCRA.

**III.    Defendants City of San Diego, Enriquez and Andal's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment**

Defendants move for summary judgment on the first, eighth, ninth and tenth cause of action in the first amended complaint. Plaintiff also moves for summary judgment on those same claims.

**A.    Count One - Violation of the FDCPA against City Defendants**

In the first amended complaint, Plaintiff alleges that the City Defendants used false representation or deceptive means to collect or to obtain information concerning a consumer debt in

violation of 15 U.S.C. § 1692e.  (FAC ¶¶ 43, 44.)  He alleges that when the officers asked about Plaintiff's occupation and place of employment, they were collecting information that would be used for collection purposes.  (Id.)

As discussed above, under the FDCPA, "'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money . . . which are the subject of the transaction are primarily for personal, family, or household purposes . . . . 15 U.S.C. § 1692a(5). "'Debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Id. § 1692a(6).

Defendants argue that they are not "debt collectors" as defined under the FDCPA as they were engaged in a traffic stop for an expired registration tag.  They argue that Plaintiff has failed to establish an essential element on this cause of action.

In opposition, Plaintiff alleges that Defendants sought information about Plaintiff's occupation and place of employment for debt collection purposes without disclosing that fact violating 15 U.S.C. § 1692e that states a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  However, before the Court addresses whether this provision was violated, the Court needs to determine whether the City of San Diego was a "debt collector" subject to the FDCPA.

Plaintiff argues that the City of San Diego Treasurer's Office is in the business of collecting its own debts and cites to sections of the Office of the City Treasurer's website.[8]  (Dkt. No. 82 at 16-18.)  Plaintiff is making allegations that are not contained in the first amended complaint and making allegations against a party not subject to the first amended complaint.   Moreover, Plaintiff has not

_____

[8]On July 3, 2012, Plaintiff filed a motion for an injunction enjoining the City of San Diego City Treasurer from unlawfully failing to comply with provisions of the FDCPA, RFDCPA and FCRA. (Dkt. No. 94.)  In the motion for injunction, he objects to the City Treasurer's collection practice of reporting debts to various credit reporting agencies.  District Judge Sammartino issued an order denying Plaintiff's motion for injunction concluding that the allegation in the FAC and the relief sought in the motion for injunction were completely unrelated. (Dkt. No. 129.) Both alleged violations of the FDCPA and other state and federal laws governing debt collection practices; however, the practices alleged to have violated those acts in the FAC are different from the ones asserted in the motion for injunction.  (Id. at 3.)

shown that Defendants Andal and Enriquez were obtaining information used for debt collection purposes.  Plaintiff has not presented any facts showing that the City Defendants were collecting on a debt as to the impound of Plaintiff's vehicle.  Plaintiff cites to Exhibit 4 regarding "the city's collection notice"; however, Exhibit 4 to his opposition to motion for summary judgment contains the DMV's notice of suspension, not a collection notice.  (Dkt. No. 82 at 5; Dkt. No. 82-1 at 9.)  Plaintiff has not shown there is a genuine issue of material fact that the City Defendants were "debt collectors."

As Plaintiff has failed to carry his burden on a motion for summary judgment, the Court GRANTS City Defendants' motion for summary judgment as to the FDCPA and DENIES Plaintiff's motion for summary judgment on this claim.

### B.    Count Eight - Violation of Public Policy against Defendant City of San Diego

In the first amended complaint, Plaintiff claims that the City violated public policy by failing to train, educate and supervise Defendants Andal and Enriquez and allowed them to violate federal and city policy.  (FAC ¶ 77.)  In his opposition and moving papers, Plaintiff does not specifically address this cause of action and does not provide any legal support.  Moreover, as indicated at the conclusion of the Court's order, Plaintiff has not demonstrated a triable issue of fact as to any of his causes of action that City Defendants' violated federal law.  In its reply, Defendant argues that Plaintiff has failed to articulate the underlying legal basis for his claim.

The "party opposing summary judgment must direct [the court's] attention to specific, triable facts," S. Cal. Gas Co., 336 F.3d at 889, and the reviewing court is "not required to comb through the record to find some reason to deny a motion for summary judgment." Carmen, 237 F.3d at 1029.

Here, Plaintiff has not only failed to provide a legal basis for his cause of action but has failed to provide disputed issues of material fact.  Accordingly, the Court GRANTS Defendant City of San Diego's motion for summary judgment on the claim for violation of public policy.

### C.    Count Nine -  Unlawful Search and Seizure Against City Defendants

Plaintiff complains that the impoundment by individual Defendants of his vehicle was an unlawful seizure and the search of Plaintiff's vehicle for "guns, drugs or nuclear weapons" was unlawful.  Plaintiff also claims the City of San Diego is liable based on its failure to train, educate and supervise its employees as to the search.

### 1.   Unlawful Seizure

The impoundment of a vehicle is a seizure within the meaning of the Fourth Amendment. Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005). A seizure conducted without a warrant is *per se* unreasonable under the Fourth Amendment subject to a few "specifically established and well delineated exceptions." Id. at 862 (quoting United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001)). One such exception is the "community caretaking doctrine" which allows police officers to impound vehicles that "jeopardize both the public safety and the efficient movement of vehicular traffic." Id. at 864 (quoting South Dakota v. Opperman, 428 U.S. 364, 369 (1976)). The application of the community caretaking doctrine "depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." Id. "The reasonableness of an impoundment under the community caretaking function does not depend on whether the officer had probable cause to believe there was a traffic violation but on whether the impoundment fits within the 'authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience. . . .'" Id. (citation omitted).

The impoundment of a vehicle is reasonable "if the driver's violation of a traffic regulation prevents the driver from lawfully operating the vehicle and if it is necessary to remove the vehicle from an exposed or public location." Id. at 865; see also Leslie v. City of San City, 615 F. Supp. 2d 1121, 1125 (N.D. Cal. 2009) (impounding a vehicle based on Cal. Vehicle Code section 22651(o) whose registration had expired almost two years earlier was reasonable); United States v. Hannum, 55 Fed. Appx. 872, 876 (10th Cir. 2003) (impoundment of vehicle was reasonable where driver lacked proper registration and insurance).

Officers Enriquez states that he and Officer Andal pulled Plaintiff over for a traffic stop for an expired registration tabs. (Dkt. No. 43-4, Enriquez Decl. ¶ 3.) Since his registration tabs were expired as determined by the MDT, and Plaintiff failed to demonstrate that his registration was valid, Plaintiff could not continue to operate his vehicle pursuant to California Vehicle Code section 22651(o)(1)(A) as his registration had been expired for over nine months. (Id. ¶¶ 4-5.)

In opposition, Plaintiff contends that his registration had not expired. He states that he paid the registration fee so his registration was merely incomplete, not expired, and not subject to an

[11cv1039-GPC(WMC)]

impoundment.  (Dkt. No. 86-4 at 9.)  To support his argument, he directs the Court to the DMV's

Notice of Intent to Suspend dated December 21, 2010[9] which states that effective February 7, 2011,

the vehicle's registration will be suspended for lack of providing proof of insurance.  (Dkt. No. 86-4

at 10.)  He argues that the Notice of Intent indicating that his registration will be suspended indicates

that he had a valid registration on May 10, 2010 because a "registration that is expired cannot be

suspended."  (Dkt. No. 86-2 at 4.)  In addition, he argues that the dismissal of his court case regarding

the citation he received for expired registration with a $25.00 fee in San Diego Superior Court

indicates that the Court determined that he had a valid registration at the time of the stop.  (Dkt. No.

86-4 at 23.)

These facts do not raise a genuine issue of fact as to whether the seizure of his vehicle was

reasonable.  The San Diego Superior Court's dismissal of the case was not a ruling on the merits and

cannot be construed as the court having determined that he had a valid registration at the time of the

stop.  Moreover, the DMV's Notice of Intent to suspend does not show that his registration was valid

on May 12, 2010.  Plaintiff admits that he paid the registration fee but did not complete the registration

by getting a smog certification.  (Dkt. No. 85-2, City Ds' NOL, Ex. 3, Hylton Depo. 263:3-11.)

Therefore, he did not have a complete registration at the time of his stop.  When the Officers used the

MDT to confirm his registration, the DMV records showed that Plaintiff was the registered owner but

the registration had expired on August 8, 2009 over nine months at the time of the stop.  (Dkt. No. 43-

3, Enriquez Decl. ¶ 4.).

The Court concludes that Plaintiff has not demonstrated a genuine issue of material fact that

the seizure of his vehicle was unreasonable.  Having concluded that the officers' impoundment of

Plaintiff's car was reasonable under the community caretaking doctrine, the City of San Diego may

not be held liable under section 1983.  Tatum v. City and County of San Francisco, 441 F.3d 1090,

1100 (9th Cir. 2006) (absent a constitutional deprivation, city could not be held liable under § 1983);

Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) ("A section 1983 action against a city fails as a

matter of law unless a city employee's conduct violates one of the plaintiff's federal rights.").

Accordingly, the Court GRANTS City Defendants' motion for summary judgment as to the unlawful

[9]Plaintiff's vehicle was sold on July 15, 2010.

1    seizure claim and DENIES Plaintiff's motion for summary judgment on this claim.

2            **2.**     **Unlawful Search**

3       Plaintiff asserts that the search of Plaintiff's vehicle for "guns, drugs or nuclear weapons" was

4    unlawful. (FAC ¶ 79.)

5       Inventory searches are a well-defined exception to the warrant requirement of the Fourth

6    Amendment. Illinois v. Lafayette, 462 U.S. 640, 643 (1983); South Dakota v. Opperman, 428 U.S.

7    364, 367–76 (1976). The policies behind the warrant requirement are not implicated in an inventory

8    search. Opperman, 428 U.S. at 370 n. 5 "The standard of probable cause is peculiarly related to

9    criminal investigations, not routine, noncriminal procedures . . . .The probable-cause approach is

10   unhelpful when analysis centers upon the reasonableness of routine administrative caretaking

11   functions, particularly when no claim is made that the protective procedures are a subterfuge for

12   criminal investigations." Id.

13      Inventory searches pursuant to standard police procedures are reasonable. Opperman, 428 U.S.

14   at 372. In Opperman, a car was impounded after having twice been ticketed for illegal parking.

15   Pursuant to the impound procedure, the contents of the car were inventoried during an inventory search

16   of the vehicle where marijuana was discovered. The Court held that the inventory search was lawful

17   and justified to protect law enforcement against unjustified claims of lost or stolen property and to

18   protect law enforcement officers from possible danger. Id. at 369; see also United States v.

19   McCartney, 550 F. Supp. 2d 1215, 1224 (E.D. Cal. 2008) (inventory search was reasonable after

20   vehicle was stopped because vehicle's left rear taillight was not properly functioning and then it was

21   discovered that the vehicle lacked registration for over a year and there was no proof of insurance);

22   United States v. McCartney, 550 F. Supp. 2d 1215, 1225 (E.D. Cal. 2008) (inventory search of vehicle

23   was authorized pursuant to impound authorization).

24      Defendants state that Plaintiff's vehicle was pulled over for failing to display a current

25   registration tab. Pursuant to the City of San Diego's towing procedure, Officer Enriquez conducted

26   a vehicle inventory and a vehicle impound report. (Dkt. No. 83-3, Enriquez Decl. ¶ 6.) Pursuant to

27   California Vehicle Code section 22651(o)(1)(A), Plaintiff's vehicle was lawfully impounded for

28   failure to possess a current registration. Id. In opposition, Plaintiff argues that the search was

1    unlawful since he had a valid registration.

2        Plaintiff has not met his burden on summary judgment showing a genuine issue of material fact

3    as to the alleged unlawful search.  He has not created a triable issue of fact that he had a valid

4    registration at the time of the stop, that the stop itself was unlawful or that the seizure of the vehicle

5    was unreasonable.  Accordingly, the Court GRANTS Defendants Andal and Enriquez' motion for

6    summary judgment as to the unlawful search and DENIES Plaintiff's motion for summary judgment.

7        Having concluded that the officers' search of Plaintiff's car was reasonable, the City of San

8    Diego may not be held liable under section 1983.  Tatum, 441 F.3d at 1100 (absent a constitutional

9    deprivation, city could not be held liable under § 1983); Orin, 272 F.3d at 1217 ("A section 1983

10   action against a city fails as a matter of law unless a city employee's conduct violates one of the

11   plaintiff's federal rights.").  Accordingly, the Court GRANTS City Defendants' motion for summary

12   judgment as to the unlawful search claim and DENIES Plaintiff's motion for summary judgment on

13   this claim.

14       **D.    Count Ten - 28 U.S.C. § 1983 as to City Defendants**

15       Plaintiff alleges a violation of his constitutional rights under 28 U.S.C. § 1983 based on his

16   ethnicity, race and national origin without supporting facts.  (FAC ¶ 80.)  In his opposition and moving

17   papers, Plaintiff presents no facts or arguments that support a § 1983 claim based on ethnicity, race

18   or national origin.  In his opposition, Plaintiff discusses municipal liability in § 1983 actions and

19   challenges the impound policy of the City of San Diego alleging equal protection.  (Dkt. No. 82, P's

20   Opp. at 22-24.)  In his motion for summary judgment, he does not address the § 1983 claims based on

21   ethnicity, race or national origin.  (Dkt. No. 86.)  He merely states "the City of San Diego categorizes

22   cited motorists by race.  The City of San Diego denies or claims not to understand that it categorizes

23   cited motorists by race."  (Dkt. No. 86-2, ¶¶ 37, 38.)

24       Plaintiff has not properly stated a claim and cannot defeat Defendant's motion for summary

25   judgment without any allegation or disputed facts.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

26   1989) ("summary judgment motion cannot be defeated by relying solely on conclusory allegations

27   unsupported by factual data.")  Accordingly, the Court GRANTS Defendant City of San Diego motion

28   for summary judgment on this claim.

**IV.     City Defendants' Motion to Declare Plaintiff a Vexatious Litigant**

On August 15, 2012, City Defendants' filed a motion to declare Plaintiff a vexatious litigant and to issue a pre-filing order restricting Plaintiff's future filings against the City of San Diego or Anytime Towing until Plaintiff demonstrates good cause and relevance to the assigned Magistrate. City Defendants also seek the costs of bringing this motion.  Plaintiff filed an opposition on September 18, 2012 and on September 27, 2012, Defendants filed a reply.  Based on the ruling granting City Defendants' motion for summary judgment, the Court DENIES City Defendant's motion to declare Plaintiff a vexatious litigant as MOOT.   The Court also exercises its discretion and DENIES City Defendants' motion for costs.

**V.     Plaintiff's *Ex Parte* Motion for Order to Preserve Funds**

On August 28, 2012, Plaintiff filed an *ex parte* motion for order to preserve funds.  An opposition was filed by Anytime Towing on September 27, 2012. (Dkt. No. 152.)  City Defendants filed an opposition on September 27, 2012. (Dkt. No. 154.)  Plaintiff filed a reply on October 15, 2012. (Dkt. No. 163.)  In the motion, Plaintiff requests the Court to order the City and Anytime Towing to "preserve the excessive fees by depositing the same with this Court." (Dkt. No. 134-1.)

Since the Court has determined that judgment should be entered in favor of Defendants and against Plaintiff, the Court DENIES Plaintiff's *ex parte* motion for order to preserve funds as MOOT.

**VI.     Plaintiff's *Ex Parte* Request for Clarification**

On September 10, 2012, Plaintiff filed an *ex parte* request for clarification.  No oppositions were filed.  Plaintiff seeks clarification regarding Judge Sammartino's order overruling Plaintiff's objection to Magistrate Judge McCurine's order for sanctions. (Dkt. No. 130.)  Plaintiff is dissatisfied with the Court's ruling and seeks further clarification

The Court construes his request as a motion for reconsideration.  A motion for reconsideration is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law."  School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each

prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).

Here, Plaintiff has not provided the Court with newly discovered evidence, has not demonstrated clear error or manifest injustice and has not indicated that there has been an intervening change in controlling law. See School Dist. No. 1J., 5 F.3d at 163. Accordingly, the Court DENIES Plaintiff's *ex parte* request for clarification.

## VII.   Plaintiff's *Ex Parte* Notice and Motion for Temporary Restraining Order

On September 18, 2012, Plaintiff filed an *ex parte* notice and motion for temporary restraining order. (Dkt. No. 150.)  City Defendants filed an opposition on October 25, 2012.  (Dkt. No. 164.) Plaintiff filed a reply on November 7, 2012.  (Dkt. No. 168.)

In his motion, Plaintiff seeks a temporary restraining order enjoining Defendants Andal and/or Enriquez from "lying in wait, loitering, driving aggressively in the presence of or intercepting Plaintiff" Richard Hylton or members of his family." (Dkt. No. 150-1 at 1.)  He states that Defendants are stationed on streets near his home stopping motorists. (Id. at 2.)  He contends that he suffers from anxiety every time he turns "the corner." (Id. at 4.)  He alleges that to place an officer, who is the subject of Plaintiff's complaint, 160.9 meters from his home is a deliberate attempt to induce anxiety or fear and to intimidate. (Id. at 5.)

Based on the Court's ruling granting City Defendants' motion for summary judgment, the Court DENIES Plaintiff's *ex parte* notice and motion for temporary restraining order as MOOT.

### Conclusion

Based on the above, the Court:

1.   GRANTS Defendant Anytime Towing's motion for summary adjudication as to all claims against it, (Dkt. No. 83);

2.   GRANTS Defendants City of San Diego, Andal and Enriquez's motion for summary judgment as to all claims against them, (Dkt. No. 69);

3.   DENIES Plaintiff's motion for summary judgment, (Dkt. No. 86);

1    4.    DENIES Defendant Anytime Towing's motion to dismiss as MOOT, (Dkt. No. 48);

2    5.    DENIES City Defendants' motion to declare Plaintiff a vexatious litigant, (Dkt. No. 127);

3    6.    DENIES Plaintiff's *ex parte* notice of request and request for clarification, (Dkt. No. 145);

4    7.    DENIES Plaintiff's *ex parte* request or motion for order to preserve funds, (Dkt. No. 134);

5    8.    DENIES Plaintiff's *ex parte* notice of and motion for temporary restraining order against City

6         Defendants, (Dkt. No. 150).

7         The Clerk of Court shall close the case.

8         IT IS SO ORDERED.

9

10   DATED:  November 13, 2012

11

12   HON. GONZALO P. CURIEL
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28